United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 26, 2024

Nathan Ochsner, Clerk

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CONN'S, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-33357 (ARP)<br><br>(Jointly Administered) |

### ORDER GRANTING
### DEBTORS FIRST OMNIBUS MOTION
### FOR ENTRY OF AN ORDER (I) AUTHORIZING
### (A) THE REJECTION OF CERTAIN EXECUTORY
### CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT
### OF CERTAIN PERSONAL PROPERTY, AND (II) GRANTING RELATED RELIEF

(Related to Docket No. 194)

Upon the motion ("Motion")[2] of Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"): (i) authorizing the Debtors (a) to reject certain Contracts and Leases identified on Exhibit 1 and Exhibit 2 attached hereto and (b) to abandon certain Personal Property that may be located at the Premises, in each case effective as of the Effective Rejection Date, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Debtor's service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Contracts and Leases set forth on Exhibit 1 and Exhibit 2 attached hereto are hereby rejected pursuant to section 365(a) of the Bankruptcy Code, effective as of the Effective Rejection Date.

2.      The Debtors are authorized, but not directed, to abandon any Personal Property located on the Premises free and clear of all liens, claims, encumbrances, interests, and rights of the Debtors, and all such property is deemed abandoned effective as of the Effective Rejection Date.  The applicable counterparty to each Lease is authorized to dispose of the abandoned Personal Property without notice or liability to any party.

3.      Counterparties to Contracts and Leases that are rejected pursuant to this Order must file a proof of claim relating to the rejection of such Contracts or Leases, if any, by the later of (a) any applicable claims bar date established in these chapter 11 cases, or (b) thirty (30) days after entry of this Order.

4.      Nothing in this Order is intended to waive the rights of any landlords to assert any claim, pursuant to, among other things, sections 365 or 503 of the Bankruptcy Code, for any costs or expenses that any landlords may incur in relation to any sale or abandonment of any property at their premises, with the Debtors likewise not waiving any defenses.

5.      Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under Section 363 of the Bankruptcy Code.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim; or (g) other than as set forth in the Motion, herein, and on Exhibit 1 and Exhibit 2 attached to this Order, a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rules 6004(a), 6006, and 6007, and the Local Rules are satisfied by such notice.

8.      Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

9.      If the Debtors have deposited funds with a landlord to any of the Leases, any such landlord may not set off such deposits without prior authority of the Court or written agreement of the Debtors (with email consent from counsel to the Debtors deemed sufficient).

10.     The Debtors are not required to comply with any termination procedures set forth in the Contracts or the Leases, or any documents related thereto, and are relieved of any and all payments or performance obligations due under the Contracts or Leases incurred after the Petition Date.

11.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this order.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.


Dated: _____, 2024
Houston, Texas


_____
HON. ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT 1</u>

**Contracts to Be Rejected as of the Effective Rejection Date**

**Contracts to Be Rejected as of the Effective Rejection Date**[3]

| Counterparty | Counterparty Address | Contract # (if applicable) | Description | Agreement Date |
|---|---|---|---|---|
| LOGICSOURCE INC | 20 Marshall St, Norwalk, CT 06854 | N/A | Sourcing and procurement services | 1/1/2023 |
| COMMERCE TECHNOLOGIES LLC | 3738 Bayer Ave Ste 203, Long Beach, CA 90808 | N/A | E-commerce drop-ship solution | 3/31/2023 |
| EMUDHRA INC | 97 Cedar Grove Ln, Ste 202, Somerset, NJ 08873 | N/A | Digital security solution | 9/29/2022 |
| COALESCE AUTOMATION, INC. | 1160 Battery St. East Suite 100, San Francisco, CA 94111 | WSB20240530-A | Data management platform | 6/27/2024 |
| SHI INTERNATIONAL CORP | 290 Davidson Ave, Somerset, NJ 08873 | 21945698 | Risk management software solution | 4/28/2022 |
| CAMELOT COMMUNICATIONS, LTD. | 8140 Walnut Hill Ln, Ste 1000, Dallas, TX 75231 | N/A | Media agency | 7/8/2022; 7/8/2022; 7/25/2023 |
| YOUNG & RUBICAM LLC DBA VMLY&R | 3 Columbus Cir, New York, NY 10019 | N/A | Creative advertising agency | 3/6/2023 |
| IPSOS MMA, INC. | 360 Park Ave S, 17th Fl, New York, NY 10010 | N/A | Marketing mix model vendor | 2/7/2024 |
| LIVERAMP, INC. | 225 Bush St, Fl 17, San Francisco, CA 94104 | N/A | Customer Data platform | 2/10/2023 |
| WUNDERKIND CORPORATION | 285 Fulton St, 74th Fl, New York, NY 10007 | N/A | Retargeting and online experience vendor | 6/22/2023 |

---

[3]   The inclusion of an agreement on this list does not constitute an admission as to the executory or non-executory nature of the agreement, or as to the existence or validity of any claims held by the counterparty.  For the avoidance of doubt, reference to an agreement herein is as supplemented, modified or subsequently amended in addendums, amendments or side letters.  References to agreements and documents are only summaries and are not intended to be full descriptions of such agreements and documents.

**EXHIBIT 2**

**Leases to Be Rejected as of the Effective Rejection Date**

**Leases to Be Rejected as of the Effective Rejection Date**[4]

| Counterparty | Counterparty Address | Contract # (if applicable) | Description | Agreement Date |
|---|---|---|---|---|
| ORSETT/BASELINE LLC | 5353 N. 16th St, Suite 105, Phoenix, AZ 85016 | 59246947 | Call Center Lease | 11/13/2019 |

---

[4]   The inclusion of an agreement on this list does not constitute an admission as to the executory or non-executory nature of the agreement, or as to the existence or validity of any claims held by the counterparty.  For the avoidance of doubt, reference to an agreement herein is as supplemented, modified or subsequently amended in addendums, amendments or side letters.  References to agreements and documents are only summaries and are not intended to be full descriptions of such agreements and documents.