United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 26, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

### ORDER (I) SETTING BAR DATES FOR FILING
### PROOFS OF CLAIM; (II) APPROVING FORM AND
### MANNER FOR FILING PROOFS OF CLAIM; (III) APPROVING
### NOTICE OF BAR DATES, AND (IV) GRANTING RELATED RELIEF

(Related to Docket No. 216)

Upon the motion ("Motion")[2] of Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Bar Date Order") (a) setting bar dates for the filing of proofs of claim; (b) approving the form and manner for filing proofs of claim; (c) approving the notice of Bar Dates; and (d) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors'

---

[1]   The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).   The Debtor's service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

I.      **The Bar Dates and Procedures for Filing Proofs of Claim**

1.      Each person[3] or entity that asserts a claim against the Debtors that arose before the Petition Date, including, without limitation, all priority claims and all requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, ***all Proofs of Claim must be filed so that they are actually received on or before Monday, October 7, 2024 at 4:00 p.m. (prevailing Central Time) (the "General Bar Date"), at the addresses and in the form set forth herein.***  The General Bar Date applies to all types of claims against any of the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Bar Date Order.

---

[3]   Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]   Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (877) 848-5813 (Toll Free U.S.) or +1 (971) 257-1680 (Non-U.S. Parties); (b) visiting the Debtors' restructuring website at: https://dm.epiq11.com/case/conns/info;  and/or  (c) visiting  the  website  maintained  by  the  Court  at http://www.txs.uscourts.gov/bankruptcy.

2.      Any entity that asserts a claim against the Debtors that arose before the Petition Date is authorized to file a Proof of Claim that redacts personally identifiable information with Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent"); *provided* that an unredacted proof of claim shall be provided upon request by the Debtors.

3.      The Debtors are authorized to take reasonable action to prevent an entity's personally identifiable information from being publicly available on the claims register.

4.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or is deemed to have arisen) before the Petition Date must file Proofs of Claim, including claims for unpaid taxes, if any, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party, *so that they are **actually received** on or before Monday, January 20, 2025 (the "Governmental Bar Date"), at the address and in the form set forth herein*.

5.      Unless otherwise ordered, all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases *shall file a Proof of Claim on account of such rejection so that it is **actually received** at the address and in the form set forth herein on or before the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable to such claims; and (ii) on the date that is thirty (30) days following the later of (a) entry of an order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (b) the effective date of rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date").*[5]

---

[5]    To the extent this Order conflicts with the *Order (I) Approving Procedures for Future Rejection of Additional Executory Contracts And Unexpired Leases, and (II) Granting Related Relief* [Docket No. 369] (the "Rejection Procedures Order"), this Order controls.

6.      If any of the Debtors amend or supplement their Schedules after having giving notice of the Bar Dates (as defined herein), the applicable Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates (as defined herein), as set forth in this Bar Date Order, those holders of claims shall file Proofs of Claim, if necessary, ***so that they are actually received at the address and in the form set forth herein on or before the later of:  (i) the General Bar Date or the Governmental Bar Date, as applicable to such claims; and (ii) thirty (30) days from the date on which the Debtors mail notice of the amendment or supplement to the Schedules (the "Amended Schedules Bar Date" and, collectively with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "Bar Dates" and, each individually, a "Bar Date").***  Notice of the Amended Schedules Bar Date shall be sent via first-class mail to each claimant holding a claim affected by any such amendment or supplement and shall describe the listing and treatment of such claim on the Schedules, including how such treatment has changed, if applicable, and indicate the Amended Schedules Bar Date for such claim.

7.      All Proofs of Claim must be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plans filed in these chapter 11 cases and/or receiving distributions from the applicable Debtors on account of such claims in these chapter 11 cases.

## II.      Parties Required to File Proofs of Claim

8.      The following entities holding claims against the Debtors arising prior to the Petition Date shall be required to file a Proof of Claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.      any person or entity who purchased a good and/or product from the Debtors prior to the Petition Date who has or may have a contingent claim, regardless of whether such claim (i) arises from the use of such good or product, or (ii) relates to the breach of an express or implied warranty arising from either a patent or latent defect;

d.      any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance prior to the General Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

e.      any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

f.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    Parties Exempted from the Bar Dates

9.      The following categories of claimants, in the capacities described below, shall **not** be required to file a Proof of Claim prior to the applicable Bar Date:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against

the applicable Debtor, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.  any person or entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.  any person or entity whose claim has previously been allowed by a final order of the Court;

e.  any person or entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a final order of the Court;

f.  a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that such current employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date;

g.  the Prepetition ABL Agent, the Prepetition 2L Agent, the Prepetition 3L Agent and any other Prepetition Secured Parties on account of any and all of the obligations arising under the applicable Prepetition Credit Documents;[6]

h.  the DIP Agent, on behalf of holders of DIP Obligations;[7]

i.  any person or entity holding an equity interest in any Debtor;

j.  any Debtor having a claim against another Debtor;

k.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such

---

[6]  "Prepetition ABL Agent", "Prepetition 2L Agent", "Prepetition 3L Agent"), "Prepetition Secured Parties") and "Prepetition Credit Documents" shall have the meanings ascribed in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket. No. 86] (the "Interim DIP Financing Order").

[7]  Each of such terms as defined in the *Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Their Prepetition Insurance Coverage and Surety Bond Program and Satisfy Prepetition Obligations Related Thereto, (B) Authorizing the Debtors to Renew, Supplement, or Enter Into New Insurance Policies and Surety Bonds, (C) Continue Their Workers' Compensation Program, and (D) Authorizing Continuation of Premium Financing Agreements; and (II) Granting Related Relief* [Docket No. 17] (the "DIP Motion").

claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date;

l.  any landlord counterparty of an executory contract of an unexpired non-real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, *further*, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

m.  any person or entity holding a claim for which a separate deadline is fixed by the Court; and

n.  holders of claims for fees and expenses of professionals retained in these chapter 11 cases, including any professionals retained by the Debtors, the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), or any other statutory committee.

## IV.   Substantive Requirements of Proofs of Claim

10.   The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.  ***Contents of Claim Form.*** Each Proof of Claim form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in wet ink.

b.  ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  ***Original Signature Required***. Only (i) ***original*** Proof of Claim Forms signed electronically or in wet ink by the claimant or an authorized agent or legal representative of the claimant or (ii) Proof of Claim Forms submitted

and signed electronically using the electronic filing interface available at https://dm.epiq11.com/ConnAppliances are acceptable and will be deemed acceptable for the purposes of claims administration. Copies of Proofs of Claim or Proof of Claim Forms sent by facsimile or electronic mail will **not** be accepted.

d.  ***Identification of the Debtor Entity***.  Each Proof of Claim Form must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim Form filed under the joint administration case number (Case No. 24-33357 (ARP)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Conn's, Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under the joint administration case number (Case No. 24-33357 (ARP)) will be treated as having been submitted against the subsidiary debtor with a notation that a discrepancy in the submission exists.

e.  ***Claim Against Multiple Debtor Entities***.  Except as otherwise provided in this Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  However, a Proof of Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Proof of Claim Forms.

f.  ***Supporting Documentation***.  Each Proof of Claim Form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such claimant must produce the supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted in the applicable Proof of Claim.  For the avoidance of doubt, any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission of the Proof of Claim Form.

g.  ***Timely Service***.  Each Proof of Claim Form must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/); (ii) via the electronic filing interface available at https://dm.epiq11.com/ConnAppliances or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as

to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

| |
|---|
| If by First-Class Mail:<br><br>**Conn's, Inc.**<br>**Claims Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC**<br>**P.O. Box 4420**<br>**Beaverton, OR 97076-4420**<br><br>**If by Hand Delivery or Overnight Mail:**<br><br>**Conn's, Inc.**<br>**Claims Processing Center**<br>**c/o Epiq Corporate Restructuring, LLC**<br>**10300 SW Allen Blvd.**<br>**Beaverton, OR 97005**<br><br>**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.** |

h.    ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit: (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim for sent to the Claims and Noticing Agent); and (ii) a self-addressed, stamped envelope.

## V.    Identification of Known Creditors

11.    The Debtors shall serve notice of the Bar Dates to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtors' books and records at such time; *provided*, *however*, that the Debtors shall serve notice of the Bar Dates to counterparties to unexpired leases at the address listed for noticing in the applicable lease and such counterparties' counsel of record, if known.

**VI.     Procedures for Providing Notice of the Bar Dates**

**A.     Mailing of Bar Date Notices**

12.     No later than three (3) business days after entry of this Bar Date Order, the Debtors shall cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** (the "<u>Bar Date Notice</u>") and a Proof of Claim Form (together, the Proof of Claim Form and the Bar Date Notice, the "<u>Bar Date Package</u>") to be mailed via first class mail, to the following entities:

a.     the U.S. Trustee for the Southern District of Texas;

b.     Pachulski Stang Ziehl & Jones LLP, as proposed counsel to the Committee;

c.     the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis);

d.     all known creditors and other known holders of claims against the Debtors;

e.     all persons or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of this Bar Date Order;

f.     all persons or entities that have filed Proofs of Claim in these chapter 11 cases as of the date this Bar Date Order is entered;

g.     all known brokers, registered holders, and nominee holders of equity interests in the Debtors as of the date this Order is entered;

h.     all known entities who are party to executory contracts and unexpired leases with the Debtors and, if known, their respective counsel of record;

i.     all known entities who are party to active litigation with the Debtors;

j.     all current and former employees of the Debtors employed within one year of the Petition Date (to the extent that contact information for former employees is available in the Debtors' record);

k.     all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

l.     the Office of the Attorney General for the State of Texas and each of the states in which the Debtors conduct business;

m.     the Office of the United States Attorney for the Southern District of Texas;

n.      the United States Securities and Exchange Commission;

o.      the United States Internal Revenue Service; and

p.      all other taxing authorities for the jurisdictions in which the Debtors have paid taxes within one year of the Petition Date.

13.    The Debtors shall also (i) post the Bar Date Notice on the Debtors' case website established by the Claims and Noticing Agent at https://dm.epiq11.com/ConnAppliances; (ii) post a link to the Bar Date Notice on the Debtors' website at https://www.conns.com/; and (iii) post a link to the Bar Date Notice in any other form of publication, as the Debtors shall determine in their sole discretion.

14.    The Publication Notice shall be deemed adequate and sufficient notice of the Bar Date to the Debtors' customers.

15.    The Debtors are authorized, in their discretion, to extend the applicable Bar Date for certain holders of claims by stipulation or otherwise where the Debtors determine that such extension is in the best interest of their estates (each such extension, a "Bar Date Extension"); *provided* that the Debtors and the Claims and Noticing Agent shall maintain a matrix of all Bar Date Extensions (the "Bar Date Extension Matrix"), which shall include (i) the name of each such creditor that has received a Bar Date Extension; (ii) the date of each such Bar Date Extension; and (iii) the Bar Date, as extended, applicable each such creditor.  From time to time, the Debtors will share the Bar Date Extension Matrix with the Committee, if reasonably requested.

16.    After the initial service of the Bar Date Notice, the Debtors may, in their sole discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result

of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.  The Debtors shall not be required to mail additional notices to any entity or party, for which any notice is returned to the Debtors as "return to sender" without a forwarding address.

### B.     Publication of Bar Date Notice

17.     The Debtors shall cause notice of the Bar Dates to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, on or before August 23, 2024, the Debtors shall cause the Bar Date Notice, as modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), to be published on one occasion in *The New York Times* (National Edition) and *Houston Chronicle*, and any such other local publications that the Debtors deem appropriate and disclose such publication in an affidavit of service filed by the Claims and Noticing Agent.  Publication of the Publication Notice in accordance with this Bar Date Order shall be deemed adequate and sufficient notice of the Bar Dates to the Debtors' customers.

18.     The Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time in the manner set forth in this Bar Date Order constitutes adequate and sufficient notice of each of the respective Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VII.    Consequences of Failure to File a Proof of Claim**

19.    Any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and their chapter 11 estates (or filing a Proof of Claim with respect thereto) and the Debtors and their property and estates shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on the Schedules as not contingent, not disputed, and liquidated.  Such person or entity shall not be treated as a creditor with respect to such claim for any purpose in these chapter 11 cases.

20.    Any such entity that is required, but fails, to file a proof of claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**VIII.   Miscellaneous**

21.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.    Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

23.    The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this order.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

Signed: August 26, 2024

Alfredo R Pérez
United States Bankruptcy Judge

## __Exhibit 1__

**Proof of Claim Form**

**United States Bankruptcy Court for the Southern District of Texas**

**Conn's, Inc.**

**Claims Processing Center**

**c/o Epiq Corporate Restructuring, LLC**

**P.O. Box 4420**

**Beaverton, OR 97076-4420**

To submit Proof of Claim, please visit: https://epiqii/com/conns

**Name of Debtor (Select only one Debtor per Proof of Claim form):**

- ☐ Conn's, Inc.  (Case No. 24-33357)
- ☐ Conn Applicances, Inc.  (Case No. 24-90423)
- ☐ CAI Holding, LLC (Case No. 24-90424)
- ☐ Conn Lending, LLC (Case No. 24-90425)
- ☐ Conn Credit I LP (Case No. 24-90426)
- ☐ Conn Credit Corporation, Inc.  (Case No. 24-90427)
- ☐ CAI Credit Insurance Agency, Inc. (Case No. 24-90428)
- ☐ NEW RTO, LLC (Case No. 24-90429)
- ☐ W.S. Badcock LLC (Case No. 24-90430)
- ☐ W.S. Badcock Credit LLC (Case No. 24-90431)
- ☐ W.S. Badcock Credit I LLC (Case No. 24-90432)

| | |
|---|---|
| ☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below. | **For Court Use Only** |

# Proof of Claim (Official Form 410)

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Except for claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.** Filers must leave out or **redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.  That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☐ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4.  Does this claim amend one already filed?** |
|---|---|---|
| _____ <br> Name | _____ <br> Name | ☐ No <br><br> ☐ Yes.   Claim number on court claims register (if known) _____ <br><br> Filed on _____ <br> MM / DD / YYYY |
| _____ <br> Number      Street <br><br> _____ <br> City             State       ZIP Code <br><br> Country (if International): _____ <br><br> Contact phone: _____ <br><br> Contact email: _____ | _____ <br> Number      Street <br><br> _____ <br> City             State       ZIP Code <br><br> Country (if International): _____ <br><br> Contact phone: _____ <br><br> Contact email: _____ | **5.  Do you know if anyone else has filed a proof of claim for this claim?** <br><br> ☐ No <br><br> ☐ Yes.  Who made the earlier filing? <br><br> _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| **6.  Do you have any number you use to identify the debtor?** | **7.  How much is the claim?** | **8.  What is the basis of the claim?** |
|---|---|---|
| ☐ No <br><br> ☐ Yes. <br> Last 4 digits of the debtor's account or any number you use to identify the debtor: <br><br> ____  ____  ____  ____ | $_____. <br><br> **Does this amount include interest or other charges?** <br><br> ☐ No <br><br> ☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. <br><br> _____ |

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

\*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____        _____

MM / DD / YYYY                Signature

Print the name of the person who is completing and signing this claim:

Name       _____

First name                    Middle name                    Last name

Title        _____

Company  _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____

Number              Street

_____

City                              State            ZIP Code

Contact Phone _____    Email _____

**<u>Exhibit 2</u>**

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) DATE BY WHICH PARTIES MUST FILE PROOFS OF CLAIM; AND
(II) PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS**

**TO:      ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Conn's, Inc. | 24-33357 |
| Conn Appliances, Inc. | 24-90423 |
| CAI Holding, LLC | 24-90424 |
| Conn Lending, LLC | 24-90425 |
| Conn Credit I, LP | 24-90426 |
| Conn Credit Corporation, Inc. | 24-90427 |
| CAI Credit Insurance Agency, Inc. | 24-90428 |
| New RTO, LLC | 24-90429 |
| W.S. Badcock LLC | 24-90430 |
| W.S. Badcock Credit LLC | 24-90431 |
| W.S. Badcock Credit I LLC | 24-90432 |

**PLEASE TAKE NOTICE THAT**:

Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court") on July 23, 2024 (the "Petition Date").

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Debtors' service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

On August 2, 2024, the Debtors filed with the Court the *Debtors' Motion for Entry of an Order (I) Setting Bar Dates for Filing Proofs of Claim; (II) Approving Form and Manner for Filing Proofs of Claim; (III) Approving Notice of Bar Dates; and (IV) Granting Related Relief* [Docket No. 216] (the "Bar Date Motion").  On August [●], 2024, the Court entered an order [Docket No. [●]] (the "Bar Date Order") establishing certain dates (each, a "Bar Date," and collectively, the "Bar Dates") by which parties holding claims against the Debtors arising prior to the Petition Date must file proofs of claim (each, a "Proof of Claim").  Each date is expressly set forth below.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form (a "Proof of Claim Form").

Except as otherwise defined in this Notice, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE HOLDING A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES. THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**Background to the Debtors' Chapter 11 Cases**

A.    **General Information About the Debtors' Cases**.  The Debtors' chapter 11 cases are being jointly administered under case number 24-33357 (ARP) (Bankr. S.D. Tex.).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

B.    **Access to Proof of Claim Forms and Additional Information**.  If you have any questions regarding the claims processing and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, Proof of Claim Form, or related documents (and/or any other pleadings filed in these chapter 11 cases) you may do so by: (i) visiting the website of the Debtors' claims, noticing, and solicitation agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") at: https://dm.epiq11.com/ConnAppliances, (ii) calling (877) 848-5813 (Toll-Free) or (971) 257-1680 (International), and/or (iii) emailing ConnAppliances@epiqglobal.com.  Please note that the Claims and Noticing Agent **cannot** advise you on how to file, or whether you should file, a Proof of Claim.

C.    **Schedules of Assets and Liabilities**.  The Debtors anticipate filing their statement of financial affairs and schedules of assets and liabilities with the Court (collectively, the "Schedules") on September 5, 2024.  The Schedules are available online and free of

charge at https://dm.epiq11.com/ConnAppliances or for a fee via PACER at https://ecf.txsb.uscourts.gov/.

### Bar Dates Approved by the Court

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors arising prior to the Petition Date must file Proofs of Claims so that they are **actually received** by the Claims and Noticing Agent:

| | |
|---|---|
| **General Bar Date:** | **October 7, 2024 at 4:00 p.m. (Prevailing Central Time)** is the date by which all entities (which includes individual persons, estates, trusts, partnerships, and corporations, among others) holding claims, including all priority claims and all requests for payment under section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims. |
| **Governmental Bar Date:** | **January 20, 2025** is the date by which all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) must file Proofs of Claim, including claims for unpaid taxes, if any, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party. |
| **Rejection Damages Bar Date:** | **Unless otherwise ordered by the Court, the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable to such claims; and (ii) on the date that is thirty (30) days following the later of (a) entry of an order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (b) the effective date of rejection of the applicable executory contract or unexpired lease** is the date by which all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases must file Proofs of Claim on account of such rejection. |
| **Amended Schedules Bar Date:** | To the extent applicable, the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days from the date on which the Debtors mail notice of an amendment to the Schedules is the date by which holders of claims affected thereby must file proofs of claims. |

### Parties Required to File Proof of Claim Forms

A.    **Definition of Claim**.  Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

B.    **Parties Who Must File Proof of Claim Forms**.  The following entities holding claims against the Debtors arising prior to the Petition Date are required to file a Proof of Claim on or before the applicable Bar Date:

    a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

    c.    any person or entity who purchased a good and/or product from the Debtors prior to the Petition Date who has or may have a contingent claim, regardless of whether such claim (i) arises from the use of such good or product, or (ii) relates to the breach of an express or implied warranty arising from either a patent or latent defect;

    d.    any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, and/or unpaid severance prior to the General Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date; *provided* that current employees of the Debtors are not required to file a Proof of Claim for wages, commissions, or benefits if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business;

    e.    any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    f.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**C.**     **Parties Who Do Not Need to File Proof of Claim Forms**.  Certain parties are not required to file a Proof of Claim.  The Court may, however, enter one or more separate orders at a later time requiring holders of claims to file Proofs of Claim and setting related deadlines. If the Court does enter such an order, you will receive notice of it.

The following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need **not** file Proofs of Claim:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any entity that already has filed a signed Proof of Claim against the applicable Debtor or submitted a signed Proof of Claim with the Claims and Noticing Agent in a form substantially similar to Official Form 410 against the applicable Debtor, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.      any person or entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated," (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

d.      any person or entity whose claim has previously been allowed by a final order of the Court;

e.      any person or entity whose claim has been paid in full by a Debtor pursuant to the Bankruptcy Code or in accordance with a final order of the Court;

f.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that such current employee must submit a Proof of Claim by the General Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

g.      the Prepetition ABL Agent on account of any and all of its claims arising under the applicable Prepetition Credit Documents;[2]

---

[2]     "Prepetition ABL Agent" and "Prepetition Credit Documents" shall have the meanings ascribed in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket. No. 86] (the "Interim DIP Financing Order").

h.      the DIP Agent, on behalf of holders of DIP Obligations;[3]

i.      any person or entity holding an equity interest in any Debtor;

j.      any Debtor having a claim against another Debtor;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date;

l.      any landlord counterparty of an executory contract of an unexpired non-real property lease where the lease has not yet been rejected as of the General Bar Date; *provided*, *further*, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

m.      any person or entity holding a claim for which a separate deadline is fixed by the Court; and

n.      holders of claims for fees and expenses of professionals retained in these chapter 11 cases, including any professionals retained by the Debtors, the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), or any other statutory committee.

## <u>Instructions for Filing Claim Forms</u>

A.      ***Contents of Claim Form.***  Each Proof of Claim form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in wet ink.

B.      ***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods

---

[3]      Each of such terms as defined in the *Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Their Prepetition Insurance Coverage and Surety Bond Program and Satisfy Prepetition Obligations Related Thereto, (B) Authorizing the Debtors to Renew, Supplement, or Enter Into New Insurance Policies and Surety Bonds, (C) Continue Their Workers' Compensation Program, and (D) Authorizing Continuation of Premium Financing Agreements; and (II) Granting Related Relief* [Docket No. 17] (the "<u>DIP Motion</u>").

delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

C.    ***Original Signatures Required***.    Only (i) ***original*** Proof of Claim Forms signed electronically or in wet ink by the claimant or an authorized agent or legal representative of the claimant or (ii) Proof of Claim Forms submitted and signed electronically using the electronic filing interface available at https://dm.epiq11.com/ConnAppliances are acceptable and will be deemed acceptable for the purposes of claims administration. Copies of Proofs of Claim or Proof of Claim Forms sent by facsimile or electronic mail will **not** be accepted

D.    ***Identification of the Debtor Entity***.  Each Proof of Claim Form must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.    A Proof of Claim Form filed under the joint administration case number (Case No. 24-33357 (ARP)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Conn's, Inc.  A Proof of Claim that names a subsidiary Debtor but is submitted under the joint administration case number (Case No. 24-33357 (ARP)) will be treated as having been submitted against the subsidiary debtor with a notation that a discrepancy in the submission exists.

E.    ***Claim Against Multiple Debtor Entities***.  Except as otherwise provided in this Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  However, a Proof of Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Proof of Claim Forms.

F.    ***Supporting Documentation***.    Each Proof of Claim Form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such claimant must produce the supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request. Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted in the applicable Proof of Claim.  For the avoidance of doubt, any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission of the Proof of Claim Form.

G.    ***Timely Service***.    Each Proof of Claim Form must be filed or submitted, including supporting documentation, through any of the following methods:    (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/); (ii) via the electronic filing interface available at https://dm.epiq11.com/ConnAppliances or (iii) by U.S. mail, overnight U.S. mail, or other

hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

> **If by First-Class Mail:**
>
> **Conn's, Inc.**
> **Claims Processing Center**
> **c/o Epiq Corporate Restructuring, LLC**
> **P.O. Box 4420**
> **Beaverton, OR 97076-4420**
>
> **If by Hand Delivery or Overnight Mail:**
>
> **Conn's, Inc.**
> **Claims Processing Center**
> **c/o Epiq Corporate Restructuring, LLC**
> **10300 SW Allen Blvd.**
> **Beaverton, OR 97005**

H.    *Receipt of Service*.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit: (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim for sent to the Claims and Noticing Agent); and (ii) a self-addressed, stamped envelope.

**PROOFS OF CLAIMS**
**SUBMITTED BY FACSIMILE OR EMAIL WILL <u>NOT</u> BE ACCEPTED**
**AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.**

**<u>Consequences of Failing to Timely File Your Claim Form</u>**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that (absent the consent of the Debtors, in their sole discretion):

> ➤    **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

> ➤    **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

> ➤    **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THAT CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

## Amendments to the Debtors' Schedules

**A.**   **Amendments to Schedules**.  In the event that the Debtors amend or supplement their Schedules after the date of this notice, the Debtors will provide holders of claims that are affected by any such amendment or supplement notice of the amendment, and such parties will be given an opportunity to file Proofs of Claim before a new deadline that will be specified in that future notice.

**B.**   **Amended Schedules Bar Date**.  The Court has approved the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days from the date on which the Debtors mail notice of the amendment or supplement to the Schedules as the date by which holders of claims affected by the amendment or supplement must file Proofs of Claim with respect to such claims.

## Reservation of Rights

Nothing contained in this notice in intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; or (c) otherwise amend or supplement the Schedules.

Dated: [●], 2024
Houston, Texas

/s/ *[Draft]*

**SIDLEY AUSTIN LLP**
Duston McFaul (TX Bar No. 24003309)
Jeri Leigh Miller (TX Bar No. 24102176)
Maegan Quejada (TX Bar No.  24105999)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:    (713) 495-4500
Facsimile:    (713) 495-7799
Email:            dmcfaul@sidley.com
                      jeri.miller@sidley.com
                      mquejada@sidley.com
William E. Curtin (admitted *pro hac vice*)
Michael Sabino (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:            wcurtin@sidley.com
                      msabino@sidley.com

Jackson T. Garvey (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:            jgarvey@sidley.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

10

**Exhibit 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) DATE BY WHICH PARTIES MUST FILE PROOFS OF CLAIM; AND
(II) PROCEDURES FOR FILING PROOFS OF CLAIM AGAINST THE DEBTORS**

**PLEASE TAKE NOTICE THAT**:

Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court") on July 23, 2024 (the "Petition Date").

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors arising prior to the Petition Date must file Proofs of Claim: (a) **October 7, 2024 at 4:00 p.m. (Prevailing Central Time)** is the date by which all entities (which includes individual persons, estates, trusts, partnerships, and corporations, among others) must file Proofs of Claims (the "General Bar Date"); (b) **January 20, 2025** is the date by which all governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) must file Proofs of Claim, including claims for unpaid taxes, if any, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party (the "Governmental Bar Date"); (c) unless otherwise ordered by the Court, the later of: (i) the General Bar Date or the Governmental Bar Date, as applicable to such claims, and (ii) on the date that is thirty (30) days following the later of (a) entry of an order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (b) the effective date of rejection of the applicable executory contract or unexpired lease is the date by which all entities asserting claims arising from the Debtors' rejection of executory contracts and unexpired leases must file Proofs of Claim on account of such rejection (the "Rejection Damages Bar Date"); and (d) to the extent applicable, the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days from the date on which the Debtors mail notice of an amendment to the

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Debtors' service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

Schedules is the date by which holders of claims affected thereby must file proofs of claims (the "Amended Schedules Bar Date").

**THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE CLAIMS BAR DATE OR THE GOVERNMENTAL BAR DATE, AS APPLICABLE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

***Timely Service***. Each Proof of Claim Form must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through PACER (Public Access to Court Electronic Records at https://ecf.txsb.uscourts.gov/); (ii) via the electronic filing interface available at https://dm.epiq11.com/ConnAppliances or (iii) by U.S. mail, overnight U.S. mail, or other hand delivery system, so as to be **actually received** by the Claims and Noticing Agent on or before the applicable Bar Date at the following address:

---

**If by First-Class Mail:**

> **Conn's, Inc.**
> **Claims Processing Center**
> **c/o Epiq Corporate Restructuring, LLC**
> **P.O. Box 4420**
> **Beaverton, OR 97076-4420**

**If by Hand Delivery or Overnight Mail:**

> **Conn's, Inc.**
> **Claims Processing Center**
> **c/o Epiq Corporate Restructuring, LLC**
> **10300 SW Allen Blvd.**
> **Beaverton, OR 97005**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

---

***Contents of Proof of Claim Form.*** Each Proof of Claim form must (i) be written in legible English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant, whether such signature is an electronic signature or is in wet ink.

***Section 503(b)(9) Claim***.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

***Original Signatures Required***.  Only (i) ***original*** Proof of Claim Forms signed electronically or in wet ink by the claimant or an authorized agent or legal representative of the claimant or (ii) Proof of Claim Forms submitted and signed electronically using the electronic filing interface available at https://dm.epiq11.com/ConnAppliances are acceptable and will be deemed acceptable for the purposes of claims administration.  Copies of Proofs of Claim or Proof of Claim Forms sent by facsimile or electronic mail will **not** be accepted

***Identification of the Debtor Entity***.  Each Proof of Claim Form must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim Form filed under the joint administration case number (Case No. 24-33357 (ARP)), or otherwise without identifying a specific Debtor, may be deemed as filed only against Conn's, Inc. A Proof of Claim that names a subsidiary Debtor but is submitted under the joint administration case number (Case No. 24-33357 (ARP)) will be treated as having been submitted against the subsidiary debtor with a notation that a discrepancy in the submission exists.

***Claim Against Multiple Debtor Entities***.  Except as otherwise provided in this Bar Date Order or any other order of the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  However, a Proof of Claim that indicates it is filed against each Debtor by selecting the applicable Debtors at the top of the Proof of Claim Form shall be deemed to have been filed against each Debtor without the need to file additional Proof of Claim Forms.

***Supporting Documentation***.  Each Proof of Claim Form must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that (i) the Proof of Claim contains current contact information for the creditor or its designated representative from whom the Debtors may request the full supporting documentation and (ii) such claimant must produce the supporting documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Failure to provide such supporting documentation within ten (10) days may result in the disallowance of some or all of the amounts asserted in the applicable Proof of Claim.  For the avoidance of doubt, any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission of the Proof of Claim Form.

***Additional Information***.  If you have any questions regarding the claims processing and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, Proof of Claim Form, or related documents (and/or any other pleadings filed in these chapter 11 cases) you may do so by: (i) visiting the website of the Debtors' claims, noticing, and solicitation agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") at: https://dm.epiq11.com/ConnAppliances, (ii) calling (877) 848-5813 (Toll-Free) or (971) 257-1680

(International), and/or (iii) emailing ConnAppliances@epiqglobal.com.   Please note that the Claims and Noticing Agent **<u>cannot</u>** advise you on how to file, or whether you should file, a Proof of Claim.