**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CONN'S, INC., *et al.*,[1] | § | Case No. 24-33357 (ARP) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Re: ECF Nos. 47, 86, 460** |

**STATEMENT OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS IN SUPPORT OF DIP MOTION**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this statement (this "**Statement**") in support of the *Debtors' Amended <u>Emergency</u> Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Utilize Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief*, dated July 24, 2024 [ECF No. 47] (the "**DIP Motion**"), amended as reflected in the proposed revised *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

*the Automatic Stay, and (IV) Granting Related Relief* [ECF No. 460-1] (the "**Revised Final DIP Order**").[2]  In support of this Statement, the Committee respectfully states as follows:

<u>**Statement**</u>

1.      Following its appointment on August 5, 2024, the Committee engaged in hard-fought, arm's-length discussions with the Debtors, JPMorgan Chase Bank, N.A., in its capacities as the DIP Agent and the Prepetition ABL Agent, and other parties-in-interest to address a host of critical issues presented by the relief initially requested in the DIP Motion.  The Committee is pleased to report that the parties' efforts have proven fruitful: the Committee succeeded in negotiating meaningful changes to the terms of the DIP Facility, as reflected in the proposed Revised Final DIP Order that is presently before this Court.

2.      Specifically, the Committee achieved, among other things, the following favorable modifications to the terms of the DIP Facility:[3]

| Term | Modification | Location[4] |
|---|---|---|
| **Avoidance Actions** | ▪ No DIP Liens or Adequate Protection Liens on Avoidance Actions and Avoidance Proceeds<br>▪ No Adequate Protection superpriority claims payable from Avoidance Actions or Avoidance Proceeds | ¶¶ 9, 15 |
| **Marshaling** | ▪ DIP Secured Parties and Prepetition ABL Agent to use commercially reasonable efforts to marshal away from previously unencumbered assets<br>▪ No marshaling for Prepetition 2L Agent and Prepetition 3L Agent; *provided* that marshaling waiver granted to Prepetition 2L Agent and Prepetition 3L Agent under Interim Order remain unaffected for the time period from the Petition Date to the entry of the Final Order | ¶¶ 8, 9, 11, 12, 15 |
| **Sections 506(c) and 552 Waivers** | ▪ No sections 506(c) and 552 waivers for Prepetition 2L Agent and Prepetition 3L Agent; *provided* that sections 506(c) and 552 waivers granted to Prepetition 2L Agent and Prepetition 3L Agent under Interim Order remain unaffected | ¶¶ 11–12 |

---

2      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Amended DIP Order.

3      The following table is for summary purposes only.

4      References to a "¶" denote a specific paragraph of the Revised Final DIP Order.

| Term | Modification | Location[4] |
|---|---|---|
|  | for the time period from the Petition Date to the entry of the Final Order |  |
| Challenge | ▪ Challenge Period tolled by filing of Standing Motion that attaches a proposed Challenge<br>▪ Committee's Standing Motion which asserts a timely Challenge is unaffected by any LLC Challenge Issue; *provided* that such parties rights are reserved with respect to LLC Challenge Issue in the event the relief requested in Standing Motion is granted | ¶ 21 |
| Investigation Budget | ▪ Upsized to $250,000 from $50,000 | ¶ 22 |
| Stub Rent | ▪ Payment of Postpetition Stub Rent as follows:<br>   ▪ 30% payable no later than September 13, 2024;<br>   ▪ 30% payable no later than September 30, 2024;<br>   ▪ 30% payable no later than October 31, 2024; and<br>   ▪ 10% payable no later than the effective date of a chapter 11 plan of the Debtors | ¶ 2(a) |

These modifications to the terms of the DIP Facility are significant and were designed to, among other things, (i) protect unencumbered assets, (ii) preserve distributable value for general unsecured creditors, and (iii) ensure that the Committee has the resources necessary to conduct a comprehensive investigation into the Prepetition Secured Parties' prepetition conduct and evaluate any claims or causes of action arising therefrom.  Further, such modifications adequately address the Committee's primary concerns with respect to the DIP Motion, as originally proposed.

[*Remainder of Page Intentionally Left Blank*]

3.      While the Committee is in the early stages of its investigation and has much work to do to ensure that the Debtors maximize value for all parties in interest in these chapter 11 cases, in light of these material changes, the Committee believes that the proposed Revised Final DIP Order is appropriate and beneficial to all stakeholders.  Accordingly, the Committee supports the relief requested in the DIP Motion, as modified by the proposed Revised Final DIP Order.

Dated:   September 3, 2024
         Houston, Texas

Respectfully submitted,

/s/ Theodore S. Heckel
PACHULSKI STANG ZIEHL & JONES LLP
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
Theodore S. Heckel (TX Bar No. 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:   (713) 691-9385
Facsimile:   (713) 691-9407
Email:        mwarner@pszjlaw.com
              bwallen@pszjlaw.com
              theckel@pszjlaw.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein (admitted pro hac vice)
Bradford J. Sandler (admitted pro hac vice)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email:        rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com

Proposed Counsel to the
Official Committee of Unsecured Creditors

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the foregoing pleading was caused to be served electronically through the Court's CM/ECF system on September 3, 2024, on all parties registered to receive electronic service in the above cases.

By:   <u>*/s/ Theodore S. Heckel*</u>
      Theodore S. Heckel