**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24- 33357 (ARP) |
| Debtors. | (Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' <u>EMERGENCY</u> MOTION FOR ORDER: (A) COMPELLING THE DEBTORS' PRODUCTION OF DOCUMENTS IN RESPONSE TO THE COMMITTEE'S REQUEST FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH THE PROPOSED KEY EMPLOYEE INCENTIVE PROGRAM AND (B) CONTINUING THE HEARING ON THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO IMPLEMENT THE PROPOSED KEY EMPLOYEE INCENTIVE PROGRAM AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 11:00 a.m. on September 20, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 20, 2024, at 11:00 a.m. in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in this chapter 11 case, together with the last four digits of the Debtors' federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtors' service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

The Official Committee of Unsecured Creditors (the "Committee") of Conn's, Inc. and its related and affiliated debtors and debtors in possession (the "Debtors") hereby brings this *Emergency Motion for Order: (A) Compelling the Debtors' Production of Documents in Response to the Committee's Request for Production of Documents in Connection with the Proposed Key Employee Incentive Program and (B) Continuing the Hearing on the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement the Proposed Key Employee Incentive Program and (II) Granting Related Relief* (the "Motion"). In support of the Motion, the Committee submits the *Declaration of Alan J. Kornfeld in Support of the Official Committee of Unsecured Creditors' Emergency Motion*, attached hereto as **Exhibit B** (the "Declaration"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. On August 30, 2024, the Debtors filed the KEIP Motion,[2] which proposes to pay the KEIP Participants – all 8 insiders of the Debtors – an "incentive award" in excess of $3.6 million. The terms of the Debtors' proposed KEIP provide for the payment of this significant amount to the KEIP Participants if one or more of three purported "Performance Metrics," including (i) the Disbursement Goal, (ii) the Repayment Goal, and (iii) the GOLV Goal, are met. Based on the limited information provided by the Debtors in support of the KEIP Motion, the current status of the Debtors' cases and their likely ability to meet these "Performance Metrics" without additional effort by the proposed KEIP Participants, and the current market and legal standards applicable to the approval of employee incentive programs, it is the Committee's position that the Performance Metrics proposed under this KEIP appear to be too easily achievable,

---

[2] All terms not defined in this Motion have the meaning ascribed to them in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement the Proposed Key Employee Incentive Program and (II) Granting Related Relief* [Docket No. 454] (the "KEIP Motion").

2

provide no meaningful incentive to the KEIP Participants and the KEIP cannot and should not be approved as requested.  Accordingly, after the Committee reviewed and analyzed the KEIP Motion, on September 10, 2024, the Committee served the Debtors with its *Request for Production of Documents from the Debtors in Connection with the Proposed Key Employee Incentive Program* (the "Document Requests"), requesting that the Debtors provide evidence necessary to the Committee's further assessment of the KEIP, including the Debtors' contentions that achievement of the Performance Metrics will require substantial effort from the KEIP Participants and that the Debtors developed the KEIP with independent advice and oversight (*see* KEIP Motion, ¶¶ 22 and 34).  The Committee also noticed 4 depositions in connection with the KEIP, which are currently scheduled to begin on Monday, September 23rd.  An evidentiary hearing on the KEIP Motion is currently scheduled for Thursday, September 26th and the deadline to respond to the KEIP Motion is currently scheduled for tomorrow, September 20th.

2.     The Debtors, however, have failed to produce documents critical to evaluating whether the Performance Metrics meaningfully incentivize the KEIP Participants, or if the KEIP is simply a retention plan in disguise.  In response to the Document Requests, on September 17th, the Debtors produced a mere 104 pages of documents (which only included a single email) and provided the Committee with the Debtors' responses to the Document Requests.[3]  No documents were produced that would show whether or not the proposed KEIP actually *incentivizes* the KEIP Participants.  In fact, the overwhelming majority of produced documents were simply iterations of the Debtors' proposed KEIP.  There were no documents or communications to or from the Board of Directors concerning the KEIP or the advice the Debtors received in connection with the

---

[3] The Debtors' *Responses and Objections to the Official Committee of Unsecured Creditors' First Request for Production of Documents in Connection with the Proposed Key Employee Incentive Program* (the "Responses") are attached to the Declaration as **Exhibit 1**.

3

development of the KEIP. There were no documents showing why the KEIP Participants were selected. There were no documents showing each KEIP Participant's role in connection with each Performance Metric. There were no documents showing why each Performance Metric would be a substantial effort for each KEIP Participant.

3.  At a meet and confer yesterday, September 18th, counsel for the Debtors and the Committee discussed the Debtors' limited production and Responses. Debtors' counsel acknowledged that documents responsive to at least Request Nos. 9 and 10 (which seek documents concerning the selection of the KEIP Participants, each KEIP Participant's role in achieving each Performance Metric, and why each Performance Metrics would be a substantial effort from each KEIP Participant) exist and tentatively agreed to produce the requested documents. However, notwithstanding the quickly approaching hearing and pending deadlines, Debtors' counsel would not provide a timeline for when these responsive documents would be produced.

4.  The Committee requires these responsive documents as they go to the core question of whether the KEIP can or should be approved by this Court (*e.g.*, whether the Performance Metrics are "lay ups" or if they are, as the Debtors claim, significant hurdles that are difficult to achieve). The Debtors' failure to timely produce the requested documents makes it untenable for the Committee to provide a fulsome response to the KEIP Motion (currently due tomorrow, Friday, September 20th), to adequately prepare for and conduct the depositions (currently scheduled to begin on Monday, September 23rd) or to adequately prepare for the evidentiary hearing (currently scheduled for Thursday, September 26th).

5.  Emergency relief is warranted given this compressed timeline and the Debtors' failure to timely produced even admittedly responsive documents. Accordingly, the Committee requests that the Court consider this Motion on an emergency basis, continue the hearing on the

4

KEIP Motion by two weeks, extend the Committee's deadline to oppose the KEIP Motion to one week prior to the new hearing date, and compel the Debtors to promptly produce the documents responsive to the Document Requests.

## BACKGROUND

6. On August 30, 2024, the Debtors filed the KEIP Motion. The KEIP proposes to pay eight (8) executives – ranging in seniority from the Debtors' Chief Executive Officer to the Debtors' President of Retail (the "KEIP Participants") – "incentive awards" totaling $3,639,207. The terms of the proposed KEIP provide for this amount to be paid to the KEIP Participants if one or more of the following metrics are met: (i) the Disbursement Goal, which comprises 20% of the KEIP, will be partially or fully met if the Debtors are within 5% to 15% of DIP Budget through October 31, 2024; (ii) the Repayment Goal, which constitutes 60% of the KEIP, is fully payable so long as the Debtors repay their senior secured, priming debtor-in-possession ABL credit facility and prepetition ABL credit facility either pursuant to or outside of a confirmed chapter 11 plan; and (iii) the GOLV Goal, representing 20% of the KEIP, which is fully payable if the Debtors complete their going out of business sales and exit their store locations by October 31, 2024. Based on the information provided in the KEIP Motion, the current status of the Debtors' cases and their likely ability to meet these "Performance Metrics" without additional effort by the proposed KEIP Participants, and market and legal standards, it is the Committee's position that these Performance Metrics are too easily achievable and that the KEIP is simply a disguised retention plan which cannot and should not be approved.

7. On September 10, 2024, the Committee served its Document Requests, which included:

**Request No. 6.:**

All Documents and Communications between the Board of Directors and any KEIP Participant Concerning the KEIP.

**Request No. 9.:**

All Documents, including but not limited to materials, presentations, opinions, analyses, and reports Concerning the development, design, creation, or formulation of each Performance Metric, including Documents Concerning (a) each KEIP Participant's role for each Performance Metric; and (b) the selection of the KEIP Participants.

**Request No. 10.:**

All Documents and Communications Concerning the role of each KEIP Participant in the achievement of each Performance Metric, including Documents and Communications Concerning Your contention that the achievement of the Performance Metrics will require substantial effort from each KEIP Participant, as set forth in paragraph 22 of the KEIP Motion.

8. The Document Requests required the Debtors to produce documents by September 17, 2024. The Committee also issued four deposition notices in connection with the KEIP Motion. The depositions are scheduled to begin on Monday, September 23, 2024. The hearing on the KEIP Motion (the "KEIP Hearing") is scheduled for Thursday, September 26, 2024, at 10:00 a.m. (prevailing Central Time). The Committee's current opposition deadline is tomorrow, September 20, 2024.

9. On September 17, 2024, the Debtors produced only 104 pages of documents, and provided their Responses to the Document Requests. The majority of the produced documents were iterations of the KEIP, and included only one email (a one-sentence email). There were no documents produced responsive to, in particular, Request Nos. 6, 9, and 10. The Responses simply set forth that the Debtors were willing to meet and confer about certain requests to "discuss the parameters of a search for documents responsive" to the Document Requests.

10. On September 18, 2024, counsel for the Debtors and Committee met via Zoom to discuss the Debtors' scant production and Responses. At the meet and confer, Debtors' counsel

6

confirmed that there were, at the very least, documents responsive to Request Nos. 9 and 10. Debtors' counsel would not, however, commit to a timeframe for providing the Committee with even the admittedly responsive documents.

## BASIS FOR RELIEF

A. **There Is Good Cause to Continue the Hearing on the KEIP Motion**

11. Good cause exists under Bankruptcy Rule 9006(b)(1)[4] to continue the hearing on the KEIP Motion by two weeks and to correspondingly extend the Committee's deadline to oppose the KEIP Motion. The requested documents go to the heart of the relief requested by the KEIP Motion – whether the Performance Metrics meaningfully incentivize the KEIP Participants, or whether they are impermissible "lay-ups" (as the Committee suspects). As of the filing of this Motion, however, the Committee has not received any documents discussing how the KEIP Participants were selected, what role each KEIP Participant plays in achieving the Performance Metrics, or how a KEIP Participants' efforts impact the Debtors' ability to meet the Performance Metrics. The Committee also has not received any documents identifying who designed and developed the Performance Metrics, or who assisted or advised the Debtors in connection with the proposed KEIP. These are documents that the Debtors have acknowledged exist and the Committee undisputedly needs, and is entitled, to review in connection with its response to the KEIP Motion, including the Committee's preparation for depositions and the evidentiary hearing on the KEIP Motion. As the Debtors themselves acknowledge, this information is vital to determining whether a proposed KEIP will serve the best interests of creditors and the Debtors' estates. *See* KEIP Motion, ¶ 34.

---

[4] Bankruptcy Rule 9006(b)(1) provides, in pertinent part, that: "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . ." Fed. R. Bankr. P. 9006(b)(1).

12. Without this information, the Committee has been placed in an impossible situation. At this juncture, even assuming the Debtors were to immediately produce the responsive documents, the Committee has been left without the time to adequately prepare for and conduct the four depositions scheduled next week (beginning on Monday, September 23rd) and prepare for the KEIP Hearing currently set for Thursday, September 26th, including preparing and filing a fulsome response to the KEIP Motion by the current deadline of tomorrow, September 20th. Therefore, good cause exists to continue the KEIP Hearing by two weeks and to correspondingly extend the deadline to oppose the KEIP Motion until a week prior to the rescheduled hearing.

**B.  To the Extent the Debtors Will Not Agree to Produce Responsive Documents in a Timely Fashion, the Court Should Compel Production**

13. Debtors' counsel has indicated that they possess responsive documents and has tentatively agreed to produce them (although no date or time have been specified). However, to the extent that the Debtors refuse to timely produce documents responsive to the Document Requests (specifically including Request Nos. 6, 9, and 10), the Committee requests that the Court compel production of such documents.

14. Rule 26 of the Federal Rules of Civil Procedure (as incorporated by the Bankruptcy Rules) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The party opposing discovery of relevant and otherwise discoverable information (here, the Debtors) bears the burden of demonstrating why the requested materials should not be produced. *See Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 262–63 (W.D. Tex. 2006) (party resisting discovery of discoverable information must "articulate specifically how each discovery request is not relevant or is overly broad, burdensome, or oppressive.")

15. As discussed above, the documents requested (specifically including those requested in Request Nos. 6, 9, and 10) are critical to the Committee's – and this Court's – assessment of the proposed KEIP. The Document Requests, which are specifically tailored and limited to materials concerning the KEIP, and whether or not the KEIP can or should be approved, are clearly relevant and proportional to the determinations the Debtors are requesting in connection with the KEIP Motion. Most importantly, the Debtors have acknowledged that there are responsive documents to at least Request Nos. 9 and 10, but have not provided and cannot provide any justification (other than timing) for failing to produce them. *See* Declaration, at ¶¶ 3, 4. In sum, the documents responsive to the Document Requests are critical to evaluating the KEIP, such documents exist, and they need to be produced. Therefore, the Court should compel the immediate production of the responsive documents.

## NOTICE

16. The Committee will provide notice of this motion to (a) the parties on the Master Service List as of September 17, 2024 available on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/case/conns/dockets, and (b) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## EMERGENCY CONSIDERATION

17. Emergency consideration of the Committee's Motion is requested. Emergency relief is appropriate under the circumstances. The opposition to the KEIP Motion is due September 20, 2024, the KEIP Hearing is set for September 26, 2024, and the four depositions concerning the KEIP Motion are scheduled to begin on September 23, 2024. The Debtors' production of the responsive documents is necessary for the Committee – and this Court – to evaluate the proposed

9

KEIP. Because the Debtors have not produced the responsive documents, the Committee is not in a position to address the requested evidence in any opposition to the KEIP Motion nor does the Committee have a meaningful and realistic opportunity to prepare for the KEIP Hearing or for the depositions scheduled to begin on Monday. The documents responsive to the Document Requests must be produced and the Committee must have the opportunity to review and examine witnesses about the responsive documents sufficiently in advance of the hearing on the KEIP Motion.

## NO PREVIOUS REQUEST

18. No previous request for the relief sought herein has been made by the Committee to this or any other court.

## CONCLUSION

19. For the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and grant such further relief as may be just and proper under the circumstances.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, the Committee respectfully requests entry of a proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 19, 2024
       Houston, Texas

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Theodore S. Heckel*
Michael D. Warner (TX Bar No. 00792304)
Theodore S. Heckel (TX Bar No. 24133488)
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone:  (713) 691-9385
Facsimile:  (713) 691-9407
Email:  mwarner@pszjlaw.com
       theckel@pszjlaw.com

-and-

Bradford J. Sandler (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
Hayley R. Winograd (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email:  bsandler@pszjlaw.com
       akornfeld@pszjlaw.com
       hwinograd@pszjlaw.com

*Proposed Counsel to the*
*Official Committee of Unsecured Creditors*

**Certificate of Accuracy**

      I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

By: */s/ Theodore S. Heckel*
Theodore S. Heckel

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing pleading was caused to be served electronically through the Court's CM/ECF system on September 19, 2024, on all parties registered to receive electronic service in the above cases.

By: */s/ Theodore S. Heckel*
Theodore S. Heckel