IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., et al.[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**DEBTORS' OPPOSITION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' EMERGENCY MOTION FOR ORDER CONTINUING THE HEARING ON THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO IMPLEMENT THE PROPOSED KEY EMPLOYEE INCENTIVE PROGRAM AND (II) GRANTING RELATED RELIEF**

(Rel. Dkt. No. 653)

Conn's Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, hereby state as follows in opposition to the Official Committee of Unsecured Creditors' (the "Committee's") emergency motion (the "Motion") to continue the hearing on Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement the Key Employee Incentive Program and (II) Granting Related Relief (the "Opposition"). In support of this Opposition, Debtors' submit the *Declaration of [Mark Renzi] In Support of Debtors' Opposition*, attached hereto as **Exhibit A** (the "Declaration") and respectfully state as follows:

1.     On August 30, 2024, Debtors filed Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement the Key Employee Incentive Program and (II) Granting

---

[1]    The Debtors in this chapter 11 case, together with the last four digits of the Debtors' federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

Related Relief (the "<u>KEIP Motion</u>," Dkt. 454).  As Debtors explained, "[t]he KEIP is critical to motivating the Debtors' senior management and ultimately, is designed to enhance value for the benefit of the Debtors' economic stakeholders." *Id.* ¶ 12.  It is "designed to incentivized the KEIP participants to continue to meet and exceed challenging performance targets during these chapter 11 cases," and "will serve to maximize value consistent with the intent and purpose of chapter 11." *Id.* ¶¶ 12–13.

2.      The KEIP was unanimously approved by the Debtors' board of directors on July 21, 2024.  Notably, the Committee (and its counsel) knew about the KEIP well before Debtors filed the KEIP Motion on August 30, 2024.  The Debtors worked with its constituents for support of the KEIP prior to its filing and even made significant modifications to the KEIP at the request of the DIP Agent and lenders.

3.      Further, more than two weeks before the court filing, on August 14, 2024, Debtors' restructuring advisor, Berkely Research Group, LLC, sent Debtors' KEIP proposal to Province, the Committee's financial advisor. Declaration, ¶ 2.  BRG and Province discussed the KEIP proposal by phone on August 16, 2024.  *Id.*

4.      The Committee informed Debtors on September 6 that it would oppose the proposed KEIP, and served document requests related to Debtors' proposed KEIP on September 10, 2024.  *Id.*, ¶¶ 5–6.  Those requests called for production by September 17, 2024.  The Committee also noticed seven depositions, and following a meet and confer, Debtors and the Committee agreed to schedule four depositions to take place on September 23 and 24, 2024.

5.      Although the Committee had not sought expedited discovery, in the interest of a prompt resolution of the Debtor's Motion, on September 17, 2024, Debtors made their initial production of documents related to the KEIP and served their Objections and Responses to the

Committee's document request.  In those Objection and Responses, Debtors offered to meet and confer about several of the Committee's requests.  Motion, ¶ 9.

6.      Counsel for the Debtors and Committee met and conferred the next day, September 18, 2024.  *Id.*, ¶ 10.  Counsel for Debtors asked for clarification as to certain of the Committee's requests, and agreed that Debtors would make a supplemental production of documents responsive to the Committee's requests, including of e-mails.

7.      Debtors have been working diligently to perform this supplemental collection, review, and production of documents responsive to the Committee's request as clarified.  Debtors currently anticipate producing those documents by the end of the day today, giving the Committee the weekend to review them before the first deposition is scheduled on Monday.

8.      Nevertheless, the Committee seeks to continue the September 26 hearing because, the Committee complains, Debtors "fail[ed] to timely produce the requested documents." Motion, ¶ 4.  But any delay is the fault of the Committee, not Debtors.  The Committee has been aware of the Debtors' KEIP since August 14 at the latest.  Debtors filed their KEIP Motion on August 30.  Yet the Committee did not serve requests for documents until September 10.  The Committee should not be rewarded for their delay.  And if the materials that the Committee seeks are produced by the end of the day today and the depositions proceed as scheduled, there is no reason why the parties cannot be in a position for an evidentiary hearing on the currently noticed date of September 26th.

9.      Prompt resolution of the Debtors' KEIP proposal is in the interest of the Debtors' estates.

*[Remainder of page intentionally left blank.]*

3

WHEREFORE, the Debtors respectfully request the Court deny the Committee's Motion to Continue the Hearing on the KEIP Motion.

Dated: September 20, 2024
Houston, Texas

/s/ *Duston K. McFaul*

**SIDLEY AUSTIN LLP**
Duston McFaul (TX Bar No. 24003309)
Jeri Leigh Miller (TX Bar No. 24102176)
Maegan Quejada (TX Bar No.  24105999)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:    (713) 495-4500
Facsimile:    (713) 495-7799
Email:          dmcfaul@sidley.com
                    jeri.miller@sidley.com
                    mquejada@sidley.com
William E. Curtin (admitted *pro hac vice*)
Michael Sabino (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email:          wcurtin@sidley.com
                    msabino@sidley.com


James W. Ducayet (admitted *pro hac vice*)
Jackson T. Garvey (admitted *pro hac vice*)
Andrew F. Rodheim (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:          jducayet@sidley.com
                    jgarvey@sidley.com
                    arodheim@sidley.com

*Counsel to the Debtors and Debtors in Possession*

4

**<u>Certificate of Service</u>**

I certify that on September 20, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Duston K. McFaul*
Duston K. McFaul