IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| CONN'S INC., et al.,[1] | § | |
| | § | Case No. 24-33357 (ARP) |
| Debtors. | § | |
| | § | Jointly Administered |
| | § | |

**CLAYTON 75 LC, INC.'S APPLICATION FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE EXPENSE CLAIM**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Clayton 75 LC, Inc. ("**Clayton 75**") files this *Application for Allowance and Payment of Administrative Expense Claim* and in support thereof states:

**JURISDICTION**

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns payment of an administrative expense claim; accordingly, this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The predicate for the relief requested herein is found at §§ 365(d)(3) and 503(b) of Title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit

## BACKGROUND

3. Conn's Appliances, Inc. (the "***Debtor***") leased the premises located at 2464 Mt. Zion Road, Jonesboro, Georgia (the "***Premises***") pursuant to the Lease Agreement dated June 13, 2022 (the "***Lease***"). The term of the Lease was One Hundred and Twenty-Two (122) calendar months. *See* Ex. A. § 1.B. A correct copy of the Lease is attached hereto as **Exhibit A**.

4. Conn's Inc. (the "***Guarantor***") signed a guaranty to, among other things, guarantee the full and prompt payment of any and all rents, additional rental and charges and all other monies now or hereafter due by the Debtor to Clayton 75 under the Lease, and further guaranteed the full and timely performance and observance of all of the covenants and terms therein provided to be performed and observed by the Debtor under the Lease. A correct copy of the Guaranty of Lease is attached hereto as **Exhibit B**.

5. Under the Lease, the Debtor is obligated to pay monetary obligations, including, but not limited to, rents, common area charges, taxes, and repairs (the "***Lease Obligations***"). *See e.g.*, Ex. A §§ 2-4, 6.

6. On July 23, 2024 (the "***Petition Date***"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continued to occupy the Premises and operate its business post-petition.

7. The Guarantor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on that same day, July 23, 2024.

8. On July 24, 2024, the Bankruptcy Court entered the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Dkt. No. 39].

---

LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtors' service address is 2445 Technology Forest Blvd., Suite 800, The Woodlands, TX 77381.

9. Pursuant to the *Order (A) Approving Certain Bidding Procedures and the Form and Manner of Notice Thereof, (B) Scheduling an Auction and a Hearing on the Approval of the Sale of All or Substantially All of the Debtors' Assets, (C) Establishing Certain Assumption and Assignment Procedures and Approving the Manner of Notice Thereof, and (D) Granting Related Relief* [Dkt. No. 370] the time for the Debtor to file notice to assume certain unexpired nonresidential leases was August 30, 2024.

10. The Debtor reflected an incorrect proposed cure amount for the Lease in the *Notice of (I) Potential Assumption and Assignment of Executory Contracts and Unexpired Lease and (II) Cure Amounts* ("**Assumption Notice**"). Clayton 75 filed an objection to the proposed cure amount related to the Assumption Notice on September 12, 2024 [Dkt. No. 591].

11. On January 6, 2025, the Debtor filed a *Notice of Rejection of Executory Contracts and Unexpired Leases* [Dkt. No. 1316] (the "**Notice of Rejection**") and listed the Lease for rejection. An order approving the Notice of Rejection was entered on February 11, 2025 with an effective date of the rejection as of January 6, 2025 [Dkt. No. 1439].

12. The unpaid post-petition obligations of the Debtor are reflected below:

| Description | Amount |
|---|---|
| January 2025 prorated rent through the effective date of rejection January 6, 2025 | $72,063.27[2] |
| insurance obligations | $1,757.61 |
| CAM obligations | $2,817.29 |
| property tax obligations | $8,106.77 |
| **TOTAL** | **$84,744.94** |

13. Accordingly, the unpaid administrative obligations sought in this Application pursuant to the Lease and Guaranty owed to Clayton 75 total $84,744.94 ("**Administrative**

---

[2] In November 2024 rent increased to $372,326.91 per month ($372,326.91/31 days = $72,063.27).

*Rent*").[3] A copy of the Aged Delinquency Report is attached as **Exhibit C**.

14. As reflected in Exhibit C, as of the date of filing this Application, the Debtor has not satisfied the Administrative Rent, which is a post-petition obligation that remains due and owing.

15. As of the date of filing this Application, the Court has not set a deadline to file administrative claims. Therefore, this Application is filed prior to the administrative claims bar date and is timely.

16. Clayton 75 remains open to consensually resolving the matter with the Debtor. However, out of an abundance of caution, Clayton 75 files this Application.

## RELIEF REQUESTED

17. Pursuant to §§ 365(d)(3) and 503(b) of the Bankruptcy Code, Clayton 75 requests payment of the Administrative Rent in the amount of $84,744.94.

## ARGUMENT

18. The Debtor must adhere to the requirement of § 365(d)(3) of the Bankruptcy Code. Section 365(d)(3) states in pertinent part that:

> (3) The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title …

---

[3] Pursuant to the Debtors' Final DIP Order, "the Debtors shall pay, from the Collections Reserve, their postpetition contractual rent obligations to applicable landlords for the period of the Petition Date to July 31, 2024 ("Postpetition Stub Rent") as follows: thirty percent (30%) of Postpetition Stub Rent shall be paid by no later than September 13, 2024, thirty percent (30%) of Postpetition Stub Rent shall be paid by no later than September 30, 2024, thirty percent (30%) of Postpetition Stub Rent shall be paid by no later than October 31, 2024, and the remaining ten percent (10%) of Postpetition Stub Rent shall be paid by no later than the effective date of a chapter 11 plan for any of the Debtors." Debtors have not paid these amounts to Clayton 75 and Clayton 75 reserves any and all rights to any Postpetition Stub Rent.

19. Due to the failure to satisfy the Lease Obligations as required by § 365(d)(3) of the Bankruptcy Code, Clayton 75 is entitled to an administrative expense claim under § 503(b)(1) of the Bankruptcy Code, which in relevant part provides,

> (b) After notice and hearing, there shall be allowed, administrative expenses, other than claims allowed under Section 502(f) of this title, including, -
>
> (1)(A) the actual necessary costs and expenses of preserving the estate . . .

20. The majority of courts, including in at least one instance the Southern District of Texas, interpret § 365 of the Bankruptcy Code to allow an automatic administrative expense, upon the showing of delinquent post-petition rent, for the amount provided for under the lease, independent of § 503(b). *In re Burival*, 613 F.3d 810, 812 (8th Cir. 2010); *In re Cukierman*, 265 F.3d 846, 851–52 (9th Cir. 2001); *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986, 989 (6th Cir.2000); *In re Thinking Machines Corp.*, 67 F.3d 1021, 1024 (1st Cir.1995); *In re SRT Sols., LLC*, 2016 WL 1530123, at *3 (Bankr. S.D. Tex. Apr. 13, 2016); *In re Twigland Fashions*, 198 B.R. 199, 200 (W.D. Tex. 1996). Accordingly, under the majority test, Clayton 75 is automatically entitled to an administrative claim for the Administrative Rent. *Id.*

21. The minority test requires strict adherence to § 503(b)(1)(A), which requires the landlord to establish a benefit to the estate, and provide notice and an opportunity for a hearing on the allowance of the claim. *In re Mr. Gatti's*, 164 B.R. 929, 937 (Bankr. W.D. Tex. 1994). In this instance, Clayton 75 allowed the Debtor to maintain and possess the Premises to preserve the Bankruptcy Estate. Furthermore, the amount of benefit received by the estate is presumed to be the contract rate of the rent. *In re Imperial Beverage Grp., LLC*, 457 B.R. 490, 502 (Bankr. N.D. Tex. 2011). Accordingly, the Administrative Rent, which reflects the contract rate of the Lease Obligations, is entitled to treatment as an administrative expense

under the minority test and this Application provides notice and an opportunity to be heard if an objection is filed.

22.  In *Midway Airlines*, the Fourth Circuit adopted a hybrid between the majority and minority test. The *Midway Airlines* test contrasts the minority test by not requiring that a creditor seek an administrative expense claim pursuant to (b)(1)(A) of § 503, but instead holds that an administrative expense claim is allowed more broadly under § 503(b). *In re Midway Airlines Corp.,* 406 F.3d 229 (4th Cir. 2005). Hence, not requiring the strict mandate of establishing a benefit under § 503(b)(1)(A). *Id.* The Midway Airlines test contrasts the majority test by requiring an opportunity for notice and a hearing. *Id.* In the recent opinion of *In re Simbaki*, the Southern District of Texas followed the *Midway Airlines* approach. Accordingly, Clayton 75 is entitled to an administrative expense under the *Midway Airlines* test with the filing of this Application, which provides notice and an opportunity to be heard if an objection is filed.

23.  Clayton 75 reserves all rights to file a proof of claim, if applicable, if the relief is not granted in this Application.[4] Clayton 75 further reserves the right to amend and supplement this Application. Finally, Clayton 75 reserves all rights against the Guarantor.

WHEREFORE, Clayton 75 requests that this Court order the allowance and payment of an administrative expense claim pursuant to 11 U.S.C. §§ 503(b) and 365(d)(3) of the Bankruptcy Code in the amount of $84,744.94, and grant such other and further relief as this Court may deem just and proper.

---

[4] Out of an abundance of caution, Clayton 75 filed its claim for rejection damages (which also referenced their claim for administrative expenses) on March 12, 2025 in the Debtor and Guarantor's bankruptcy cases.

Dated: March 13, 2025

Respectfully submitted,

*/s/ Audrey L. Hornisher*
Andrew G. Edson (TX Bar No. 24076364)
Audrey L. Hornisher (TX Bar No. 24094369)
**Clark Hill PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
Phone: (214) 651-4300
Facsimile: (214) 651-4330


*/s/ Jeremy C. Sink*
Jeremy C. Sink (UT Bar No. 9916)
Ryan C. Cadwallader (UT Bar No. 13661)
(*Pro hac vice applications pending*)
Kirton McConkie
36 S. State St., Ste. 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

**COUNSEL FOR CLAYTON 75 LC, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District on March 13, 2025.

*/s/ Audrey L. Hornisher*
Audrey L. Hornisher