United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 02, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) APPROVING GLOBAL RESOLUTION AND SETTLEMENT OF CERTAIN DISPUTES BETWEEN THE DEBTORS, BRF FINANCE CO., LLC, AND THE AD HOC GROUP OF BADCOCK DEALERS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; (II) APPROVING PROCEDURES FOR DEALERS THAT ARE NOT MEMBERS OF THE AD HOC GROUP TO OPT OUT OF PARTICIPATION IN THE SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the proposed settlement set forth in the term sheet attached hereto as **Exhibit 1** (the "Term Sheet"), between the Debtors, BRF Finance Co., LLC, in its capacity as the Prepetition 2L Agent ("BRF Finance"), and the Ad Hoc Group of Badcock Dealers (the "Ad Hoc Group") (b) approving procedures for Dealers that are not members of the Ad Hoc Group to opt out of participation in the Settlement, and (c) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtors' service address is 10077 Grogan's Mill Road Suite 303, The Woodlands, TX 77380.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  Pursuant to Bankruptcy Rule 9019 and section 363(b) of the Bankruptcy Code, the Term Sheet, and the Settlement described therein, is approved.

2.  Except as expressly modified herein, the Opt-Out Procedures (as defined in the Term Sheet) are approved. The definition of "Settlement Opt-Out Deadline" is hereby modified to mean such date that is forty-five (45) days following the Out-Out Service Date. The Debtors shall use reasonable best efforts to make contact with any Non-Ad Hoc Group Dealer or dealer that is not a member of the Young & Pate Dealer Group (together, the "Opt-Out Dealers") and provide them with actual notice of this Order. Any of the Opt-Out Dealers that fail to timely return a Settlement Opt-Out Form by the Settlement Opt-Out Deadline shall, as of the Settlement Opt-Out Deadline, irrevocably be deemed to have accepted the Settlement and shall become a Participating Dealer and be bound by the Settlement as provided in the Settlement Term Sheet. Each of the Opt-Out Dealers may also, prior to the Settlement Opt-Out Deadline, opt into the Settlement by providing written notice to the Debtors and BRF Finance (email being sufficient) of their decision to opt into the Settlement, which notice shall be provided to the following: (i) counsel for the Debtors, Sidley Austin LLP, Wells Fargo Plaza, 1000 Louisiana St., Ste. 6000, Houston, TX

77002, Attn: Duston McFaul (dmcfaul@sidley.com), Jackson Garvey (jgarvey@sidley.com), and Jeri Leigh Miller (jeri.miller@sidley.com); (ii) counsel for BRF Finance, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Hampton Foushee (hfoushee@choate.com) and Alexandra Thomas (athomas@choate.com); and (iii) co-counsel for BRF Finance, Quinn Emanuel Urquhart & Sullivan LLP, 700 Louisiana St., Ste. 3900, Houston, TX 77002, Attn: Patricia Tomasco (pattytomasco@quinnemanuel.com).

3. The Debtors, BRF Finance, and the Ad Hoc Group are authorized and directed to enter into, perform, execute, and deliver all documents, and take all actions, necessary to implement each of the terms of the Term Sheet and otherwise perform thereunder.

4. The "General Release of BRF Finance by Participating Dealers" set forth in the Settlement shall be modified as follows:

> Effective immediately upon the Settlement Effective Date, and in consideration of the Dealer Distributions, each individual Participating Dealer and each of their direct or indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committees, employees, and agents (collectively, the "Participating Dealer Releasors") each agree to and shall be deemed to have fully and generally released and discharged BRF Finance and its respective direct and indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committee, employees, and agents (collectively, the "BRF Finance Releasees") from and against any and all manner of claims, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities, and demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs, that any of the Participating Dealer Releasors now have, have had, or in the future may have against any of the BRF Finance Releasees arising out of, related to, or in connection with, directly or indirectly: (i) the Dealer Standing Motion; (ii) the Dealer Claims; (iii) the Dealer Compensation Order; (iv) any proposed claim for surcharge under 11 U.S.C. § 506(c), or (v) solely in connection with BRF Finance's capacity as the Prepetition 2L Agent, the Debtors' bankruptcy proceedings (collectively the "Participating Dealer-BRF Finance Released Claims"). Notwithstanding anything herein to the contrary, the release of the BRF Finance Releasees herein shall not release BRF Finance from any obligations under this Settlement Term Sheet.

5. Nothing contained in the Motion, Order, or any actions taken by the parties pursuant to the relief granted in the Order shall be construed as: (i) an admission as to the validity of any claim against the Debtors, or (ii) a waiver or limitation of the parties' rights under the Term Sheet (except as expressly set forth herein), the Bankruptcy Code, and other applicable law.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. Young & Pate, Inc. and related Badcock dealer entities identified in Doc. No. 242 (the "Young & Pate Dealer Group") (except for Young & Pate V, Inc., which is not included in Doc. No. 1590 and is therefore not entitled to an administrative expense claim on account of the bonus owed) shall be treated as having opted into the Settlement as Participating Dealers immediately upon entry of this Order and shall receive payment under the Settlement as if they are members of the Ad Hoc Group.

Signed: April 02, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge

**Exhibit 1**

**Term Sheet**

**IN RE CONN'S, INC., ET AL.**
**CASE NO. 24-33357 (ARP)**

**SETTLEMENT TERM SHEET**

This term sheet (the "Settlement Term Sheet") describes the principal terms of a settlement (the "Settlement") by and among (i) Conn's, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the jointly administered chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") under the caption *In re Conn's, Inc. et al.*, Case No. 24-33357 (ARP) (the "Chapter 11 Cases"), (ii) BRF Finance Co., LLC, in its capacity as the Prepetition 2L Agent ("BRF Finance"), and (iii) the Ad Hoc Group of Badcock Dealers (the "Ad Hoc Group").[1] The Debtors, BRF Finance, and the members of the Ad Hoc Group are collectively referred to as the "Parties," and each a "Party."

This Settlement Term Sheet shall become binding and enforceable on the Parties and any additional Participating Dealers (as defined below) only upon the Settlement Effective Date (defined below).

| **Settlement Terms** | **Description of Terms** |
|---|---|
| **Settlement Effective Date** | The "Settlement Effective Date" means the first business day after which (i) the Bankruptcy Court has entered an order in the Chapter 11 Cases approving this Settlement Term Sheet, in form and substance acceptable to the Parties (the "Settlement Approval Order"), and (ii) the Settlement Approval Order has become a Final Order (as defined below). The Debtors shall file the 9019 Settlement Motion (defined below), in form and substance satisfactory to BRF Finance and the Ad Hoc Group, seeking entry of the Settlement Approval Order, on or before March 26, 2025. |
| **Dealer Participation in Settlement** | Each Dealer, whether or not such Dealer is a member of the Ad Hoc Group, shall have the opportunity to participate in the Settlement. Each Dealer (i) that is a member of the Ad Hoc Group or (ii) fails to return a Settlement Opt-out Form in accordance with the Opt-out Procedures (each as defined below) shall be a "Participating Dealer" and collectively shall be the "Participating Dealers." For avoidance of any doubt, members of the Ad Hoc Group are not required to take any action to become Participating Dealers. |
| **Settlement Opt-out Procedures** | Dealers who are not members of the Ad Hoc Group may opt out of participation in the Settlement pursuant to the following procedures (the "Opt-Out Procedures"): |

---

[1] The Ad Hoc Group of Badcock Dealers comprises 93 of the 119 individual dealers in the W.S. Badcock Corp. dealer network (collectively, the "Dealers").

| | |
|---|---|
| | Within three (3) business days of entry of the Settlement Approval Order (the date of such service, the "Opt-Out Service Date"), the Debtors shall send an opt-out form, substantially in the form attached to the proposed order included with the 9019 Settlement Motion (defined below) (the "Settlement Opt-Out Form"), by email and first class mail, to each Dealer that is not a member of the Ad Hoc Group (each, a "Non-Ad Hoc Group Dealer") at the most recent contact information reflected in the Debtors' books and records or such other address(es), if requested by such Non-Ad Hoc Group Dealer. If such Non-Ad Hoc Group Dealer is represented in the Chapter 11 Cases, the Debtors shall also serve a copy of the Settlement Opt-Out Form on counsel of record. |
| | Non-Ad Hoc Group Dealers may opt out of participation in the Settlement by returning a properly completed Settlement Opt-Out Form to the Debtors in the manner described in the Settlement Opt-Out Form within 30 days following the Opt-Out Service Date (the "Settlement Opt-Out Deadline"). Any Non-Ad Hoc Group Dealer that timely returns a properly completed Settlement Opt-Out Form shall opt out of, and not be bound by, the settlement. **Any Non-Ad Hoc Group Dealer that fails to timely return a Settlement Opt-Out Form by the Settlement Opt-Out Deadline shall, as of the Settlement Opt-Out Deadline, irrevocably be deemed to have accepted the Settlement and shall become a Participating Dealer and be bound by the Settlement as provided in the Settlement Term Sheet.** |
| | If more than one timely, properly completed Settlement Opt-Out Form is received by the Debtors by the Settlement Opt-Out Deadline with respect to any Non-Ad Hoc Group Dealer, then the last properly executed Settlement Opt-Out Form will be deemed to reflect the Non-Ad Hoc Group Dealer's intent and will supersede and revoke any prior Settlement Opt-Out Form. |
| **Payments to Participating Dealers** | For and in consideration of each of the terms set forth herein, each Participating Dealer agrees to accept, and the Debtors and BRF Finance consent to the payment of, in full and final satisfaction of such Dealer's administrative expense claims reflected on the schedule filed at Docket No. 1470-1 in the Chapter 11 Cases (each, a "Dealer Claim" and collectively, the "Dealer Claims"):<br>• Within ten (10) days of the latter of (i) entry of the Settlement Approval Order and (ii) such Dealer becoming a Participating Dealer, such Dealer's Pro Rata Share[2] of $1,075,774.55 (the "First Dealer Payment");<br>• Within ten (10) days following the effective date of a plan of reorganization in any of the Debtors' Chapter 11 Cases, such Participating Dealer's Pro Rata Share of $924,225.45 (the |

---

[2] "Pro Rata Share" shall mean, with respect to any Dealer, the proportion that the Dealer Claim(s) held by such Dealer as reflected on the schedule filed at Docket No. 1470-1 in the Chapter 11 Cases bears to the aggregate amount of claims, in the amount of $5,378,869.77, reflected on such schedule.

2

| | |
|---|---|
| | "Second Dealer Payment" and, collectively with the First Dealer Payment, the "Initial Dealer Payments"); and<br>• Such Participating Dealer's Pro Rata Share of the Dealer Distributable Cash Flows (defined below) (collectively with the Initial Dealer Payments, the "Dealer Distributions"). |
| **Bankruptcy Court Approval** | The Debtors shall seek, on an emergency basis, approval of the *Debtors' Emergency Motion for Entry of an Order (i) Approving Global Resolution and Settlement of Certain Disputes Between the Debtors, BRF Finance co., LLC, and the Ad Hoc Group of Badcock Dealers pursuant to Federal Rule of Bankruptcy Procedure 9019; (II) Approving the Procedures for Dealers that are Not Members of the Ad Hoc Group to Opt out of Participation in the settlement, and (iii) Granting Related Relief* (the "9019 Settlement Motion"). In the event the Court denies the 9019 Settlement Motion, then (i) the Parties and any additional Participating Dealers shall be returned, as of such date, to the *status quo ante* prior to the filing of the 9019 Settlement Motion and (ii) the Settlement shall be null and void without any continuing force or effect whatsoever. |
| **Bankruptcy Claims** | The Participating Dealers, on behalf of themselves and any of their affiliates, waive any right to recovery in the Chapter 11 Cases other than as provided by this Settlement Term Sheet, whether on account of prepetition or post-petition claims and regardless of such claims' priority or secured status. |
| **Release of Turnover Claims** | The Debtors agree to waive any right to turnover of funds or other property from the Participating Dealers arising on or before the Settlement Effective Date or, if later, the date such Dealer becomes a Participating Dealer, including for any amounts asserted to be held in trust, as agent, as fiduciary, or otherwise.<br><br>Each Participating Dealer agrees to waive any right to turnover of funds or other property from the Debtors arising on or before the Settlement Effective Date or, if later, the date such Dealer becomes a Participating Dealer, including for any amounts asserted to be held in trust, as agent, as fiduciary, or otherwise. |
| **Final Order** | "Final Order" shall mean an order which has not been modified, amended, reversed, vacated or stayed and as to which (A) the time to appeal, petition for certiorari, or move for a new trial, stay, reargument or rehearing has expired and as to which no appeal, petition for certiorari or motion for new trial, stay, reargument or rehearing shall then be pending or (B) if an appeal, writ of certiorari, new trial, stay, reargument or rehearing thereof has been sought, such order shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied, or a new trial, stay, reargument or rehearing shall have been denied or resulted in no modification of such order, and the time to |

3

| | |
|---|---|
| | take any further appeal, petition for certiorari or move for a new trial, stay, reargument or rehearing shall have expired, as a result of which such order shall have become final in accordance with Rule 8002 of the Federal Rules of Bankruptcy Procedure; *provided* that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Federal Rules of Bankruptcy Procedure, may be filed relating to such order, shall not cause an order not to be a Final Order. |
| **Mutual Releases** | The Debtors, on the one hand, and each Participating Dealer, on the other hand, shall grant to one another (and each of their respective Related Parties (as defined below)) those applicable releases set forth on **Schedule A** hereto (the "Releases"), which Releases shall become effective upon the Settlement Effective Date, or, if later, the date such Dealer becomes a Participating Dealer.<br><br>The Debtors, on the one hand, and BRF Finance, on the other hand, shall grant to one another (and, with respect to the Debtors, each of their respective Related Parties) the applicable Releases, which Releases shall become effective upon the Settlement Effective Date.<br><br>BRF Finance, on the one hand, and each Participating Dealer, on the other hand, shall grant to one another (and, with respect to each Participating Dealer, each of their respective Related Parties) the applicable Releases, which Releases shall become effective on the Settlement Effective Date or, if later, the date such Dealer becomes a Participating Dealer. |
| **Right to Share in Net Distributable Cash Flows** | Subject to the confirmation of a plan of reorganization containing provisions providing for the following, for and in consideration of each of the terms set forth herein, following BRF Finance recovering fifty million dollars ($50,000,000.00) on account of its secured claim against the Debtors' estates, Participating Dealers shall have the right to share with BRF Finance, on a dollar-for-dollar basis, the net distributable cash flows from the Debtors' remaining assets following the effective date of the Debtors' plan of reorganization until the Participating Dealers receive up to the remaining amount of their Dealer Claims after payment of the Initial Dealer Payments (such amounts made available to Participating Dealers, the "Dealer Distributable Cash Flows"). The Participating Dealers shall share in the Dealer Distributable Cash Flows on a Pro Rata basis; *provided* for the purposes of calculating each Participating Dealer's share of the Dealer Distributable Cash Flows, the Dealer Claims of Dealers that are not Participating Dealers shall be disregarded.<br><br>In furtherance of this section, the Parties and any additional Participating |

4

| | |
|---|---|
| | Dealers agree to use commercially reasonable efforts to ensure the Debtors' plan of reorganization contains provisions that provide for and permit the Dealer Distributable Cash Flows. For the avoidance of doubt, the Ad Hoc Group agrees that the Dealer Distributions shall fully and finally satisfy their Dealer Claims as against the Debtors and BRF Finance and any claims the Participating Dealers may have against BRF Finance. |
| **Stand-Down on Discovery and Litigation** | Upon the date the Debtors file a motion with the Bankruptcy Court seeking approval of this Term Sheet and continuing until a Termination Event, the Debtors and the Participating Dealers shall refrain from continuing or conducting any discovery or litigation targeted at any other Party or any of their Related Parties. Any applicable deadlines shall be tolled, and no Party shall use the delay contemplated by this stand-down provision to preclude compliance with such discovery or litigation obligations in the event the Settlement Term Sheet is not approved by the Bankruptcy Court or the order approving the Settlement Term Sheet is reversed or vacated on appeal (any such event, a "Termination Event"). |
| **Withdrawal of the Dealer Standing Motion** | Within three (3) days of the Settlement Effective Date, the Ad Hoc Group shall withdraw the Dealer Standing Motion, and each Participating Dealer agrees that it will not file a motion seeking surcharge, standing to pursue surcharge, or to compel the Debtors to pursue surcharge pursuant to 11 U.S.C. § 506(c). |
| **Attorneys' Fees** | For and in consideration of each of the terms set forth herein, within ten (10) days of the effective date of the Debtors' plan of reorganization, the Debtors shall cause the amount of one hundred and fifty thousand dollars ($150,000.00) to be paid to counsel to the Ad Hoc Group in good funds on account fees and expenses incurred by their attorneys in connection with the matters set forth in or resolved by this Settlement Term Sheet.<br><br>Except as provided for herein, the Ad Hoc Group and all Participating Dealers will bear their own expenses, including but not limited to any costs or attorneys' fees incurred in connection with the negotiation and execution of this Settlement Term Sheet, the Dealer Payment Motion, the Dealer Standing Motion, and any other matters arising in connection with Debtors' bankruptcy proceeding. All fees and expenses incurred by BRF Finance will be reimbursed by the Debtor, in accordance with and subject to provisions in the Final DIP Order (ECF No. 482). For the avoidance of doubt, nothing in this Agreement shall operate as waiver of the Parties' rights to object to the necessity or reasonableness of the fees and expenses incurred by BRF Finance in accordance with the Final DIP Order. |
| **No Admissions** | This Settlement Term Sheet is agreed for settlement and compromise of disputed claims, including the Participating Dealer-BRF Finance |

5

| | |
|---|---|
| | Released Claims, the BRF Finance-Participating Dealer Released Claims, the Debtors' Released Claims, and the BRF & Participating Dealer Released Claims, and shall not be treated as an admission by any Party of any liability or wrongdoing whatsoever or as an admission by any Party of any violation of the rights of any other Party or person, or the violation of any law, statute, regulation, duty, or contract whatsoever. By agreeing to the terms of this Settlement Term Sheet, the Parties and any additional Participating Dealers do so solely to avoid the inconvenience, expense, and uncertainty of further proceedings and expressly disclaim any liability to any other party or person. |
| **Notices** | Any notice required or permitted to be given pursuant to any provision of this Settlement Term Sheet shall be given in writing (email being sufficient), to the Parties and any additional Participating Dealers at the address set forth below:<br><br>If to BRF Finance:<br><br>Patty Tomasco<br>Cameron Kelly<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>700 Louisiana Street, Suite 3900<br>Houston, TX 77002<br>pattytomasco@quinnemanuel.com<br>cameronkelly@quinnemanuel.com<br><br>With a copy to:<br><br>John Ventola<br>Choate, Hall & Stewart LLP<br>Two International Place<br>Boston, MA 02110<br>jventola@choate.com<br><br>If to the Ad Hoc Group:<br><br>Lloyd Lim<br>Rachel Kubanda<br>Kean Miller<br>711 Louisiana Street, Suite 1800<br>Houston, TX 77002<br>lloyd.lim@keanmiller.com<br>rachel.kubanda@keanmiller.com<br><br>If to the Debtors: |

| | |
|---|---|
| | Duston McFaul<br>Sidley Austin LLP<br>1000 Louisiana Street, Suite 5900<br>Houston, TX 77002<br>dmcfaul@sidley.com<br><br>With a copy to:<br><br>Jackson T. Garvey<br>Sidley Austin LLP<br>One South Dearborn Street<br>Chicago, IL 60603<br>jgarvey@sidley.com<br><br><u>If to any Participating Dealer:</u><br><br>To the contact information included in the Debtors' books and records or such other contact information as provided by such Dealer to the Debtors.<br><br>Or to such other address as the party to whom notice is to be given may, from time to time, designate in writing delivered in a like manner. |
| **Support for Settlement Term Sheet** | The Parties and any additional Participating Dealers agree to support and take all steps reasonably necessary and desirable to consummate the transactions and undertakings contained herein, including, but not limited to preparing and finalizing any additional documentation and submitting evidence and legal support at any hearing in the Bankruptcy Court to approve the Settlement. |
| **Governing Law/Forum Selection** | The Parties and any additional Participating Dealers agree that the Bankruptcy Court shall have continuing jurisdiction to enforce the terms of this Settlement Term Sheet and the Parties and any additional Participating Dealers expressly consent to the exercise of personal jurisdiction over them for that limited purpose. This Settlement Term Sheet shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without regard to conflict of law principles. |
| **Amendments; Effectiveness** | No amendment to the terms hereof may be made without the signed, written consent of each of the Parties and any additional Participating Dealers, and, to the extent necessary, approval of the Bankruptcy Court.<br><br>No Party shall argue that the absence of signatures to this Settlement renders it unenforceable with its terms. The Parties and any additional |

7

|  | Participating Dealers further stipulate that their consent to the submission of the Settlement and the Motion may be expressed through their respective counsel in writing. |
|---|---|
| **Prohibition on Assignment** | None of the rights of any Party hereunder may be assigned except as ordered by the Bankruptcy Court. |
| **Entire Agreement** | This Settlement Term Sheet constitutes the only existing and binding agreement of settlement among the Parties and any additional Participating Dealers, and the Parties acknowledge that there are no other warranties, promises, assurances, or representations of any kind, express or implied, upon which the Parties have relied in entering into this Settlement Term Sheet, unless expressly set forth herein.  This Settlement Term Sheet shall not be modified except by written agreement signed by all Parties and any additional Participating Dealers. |
| **Parties Affected** | This Settlement Term Sheet shall inure to the benefit of the Parties and any additional Participating Dealers and their officers, directors, board members, members of any board committee, shareholders, employees, partners, attorneys, professionals, affiliates, agents, representatives, spouses, trustees, heirs, successors, assigns, and insurers. |
| **Acknowledgement of Terms** | No Party is relying on information provided by or from the other Party in supporting this Settlement Term Sheet and there are no duties of disclosure by either Party to the other.  This Settlement Term Sheet is the result of arm's length negotiations between the Parties and their respective counsel and reflects the conclusion of the Parties that this Settlement Term Sheet is in the best interests of the Parties and any additional Participating Dealers. |
| **Advice of Counsel** | The Parties and any additional Participating Dealers acknowledge that they have been represented by counsel of their own choice in the negotiations on this Settlement Term Sheet, have read this Settlement Term Sheet, and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of same.  The Parties and any additional Participating Dealers have had the Settlement Term Sheet fully explained to them by their respective counsel and understand the terms and provisions of this Settlement Term Sheet and its nature and effect.  The Parties and any additional Participating Dealers further represent that they are entering into this Settlement Term Sheet freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party. |
| **Neutral Interpretation** | In the event any dispute arises among the Parties and any additional Participating Dealers with regard to the interpretation of any term of this Settlement Term Sheet, all of the Parties and any additional Participating Dealers shall be considered collectively to be the drafting party and any |

8

| | |
|---|---|
| | rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable. |
| **Divisions and Headings** | The divisions of this Settlement Term Sheet into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Term Sheet. |
| **Waiver** | The failure of a Party to enforce any provision or provisions of this Settlement Term Sheet shall not in any way be construed as a waiver of any such provision or provisions as to any future violations thereof, nor prevent that Party thereafter from enforcing each and every other provision of this Settlement Term Sheet. The rights granted to the Parties and any additional Participating Dealers herein are cumulative and the waiver of any single remedy shall not constitute a waiver of such Party's right to assert all other legal remedies available under the circumstances. No extension of time of performance of an act or obligation under this Settlement Term Sheet shall constitute an extension of time of performance of any other act or obligation. |
| **Cooperation** | The Parties and any additional Participating Dealers agree to promptly execute and deliver such further documents and take such other actions as may be reasonably necessary to carry out the purpose and intent of this Settlement Term Sheet. |

Schedule A

Releases

| | |
|---|---|
| **Incorporation of Definitions** | Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Term Sheet with which this Schedule is associated. |
| **Related Party Definition** | "Related Party" or "Related Parties" means, with respect to any person or entity, such person's or entity's current, former, and future directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, participants, successors, and assigns, subsidiaries, affiliates, managed accounts or funds, and each of their respective current and former equity holders, officers, directors, managers, principals, shareholders, members, management companies, fund advisors, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and the respective successors and assigns thereof. |
| **Dealer Compensation Order and Dealer Payment Motion** | "Dealer Compensation Order" means that certain *Order (I) Authorizing the Debtors to (A) Pay Prepetition Dealer Claims in the Ordinary Course, and (B) Continue Dealer Programs in the Ordinary Course; and (II) Granting Related Relief* filed in the Chapter 11 Cases at Docket No. 65, and "Dealer Payment Motion" means the motion seeking entry thereof filed in the Chapter 11 Cases at Docket No. 7. |
| **Dealer Standing Motion** | "Dealer Standing Motion" means that certain *Badcock Dealers' Emergency Motion to Compel Debtors to File Surcharge Motion or, in the Alternative, for Leave, Standing, and Authority to Bring Surcharge Motion* filed in the Chapter 11 Cases at Docket No. 1480. |
| **General Release of BRF Finance by Participating Dealers** | Effective immediately upon the Settlement Effective Date, and in consideration of the Dealer Distributions, each individual Participating Dealer and each of their direct or indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committees, employees, and agents (collectively, the "Participating Dealer Releasors") each agree to and shall be deemed to have fully and generally released and discharged BRF Finance and its respective direct and indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committee, employees, and agents (collectively, the "BRF Finance Releasees") from and against any and all manner of claims, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities, and |

| | |
|---|---|
| | demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs, that any of the Participating Dealer Releasors now have, have had, or in the future may have against any of the BRF Finance Releasees arising out of, related to, or in connection with, directly or indirectly: (i) the Dealer Standing Motion; (ii) the Dealer Claims; (iii) the Dealer Compensation Order; (iv) any proposed claim for surcharge under 11 U.S.C. § 506(c), or (v) the Debtors' bankruptcy proceedings (collectively the "Participating Dealer-BRF Finance Released Claims"). Notwithstanding anything herein to the contrary, the release of the BRF Finance Releasees herein shall not release BRF Finance from any obligations under this Settlement Term Sheet. |
| **General Release of Participating Dealers by BRF Finance** | Effective immediately upon the Settlement Effective Date, BRF Finance agrees to and shall be deemed to have fully and generally released and discharged each Participating Dealer and each of their direct and indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committee, employees, and agents (collectively the "Participating Dealer Releasees") from and against any and all manner of claims, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities, and demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs, that BRF Finance now has, has had, or in the future may have against any of the Participating Dealer Releasees arising out of, related to, or in connection with, directly or indirectly: (i) the Dealer Standing Motion; (ii) the Dealer Claims; (iii) the Dealer Compensation Order; (iv) any proposed claim for surcharge under 11 U.S.C. § 506(c), and (v) the Debtors' bankruptcy proceedings (collectively the "BRF Finance-Participating Dealer Released Claims"). Notwithstanding anything herein to the contrary, the release of the Participating Dealer Releasees herein shall not release the Participating Dealers from any of its obligations under this Settlement Term Sheet. |
| **Limited Release of BRF Finance and Participating Dealers by the Debtors** | Effective immediately upon the Settlement Effective Date, the Debtors and their direct and indirect parent companies, subsidiaries, affiliates, and principals, and each of their respective officers, managers, directors, board members, members of any board committee, employees, and agents (collectively, the "Debtor Releasors") each agree to and shall be deemed to have fully and generally released and discharged BRF Finance, each Participating Dealer, and each of their respective parent companies, subsidiaries, and affiliates, and their respective principals, officers, managers, directors, board members, members of any board committee, employees, and agents (collectively, the "BRF & Participating Dealer Releasees") from and against any and all manner of |

2

| | |
|---|---|
| | claims, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities, and demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs, that any of the Debtor Releasors now have, have had, or in the future may have against any of the BRF & Participating Dealer Releasees arising out of, related to, or in connection with, directly or indirectly: (i) the Dealer Standing Motion; (ii) the Dealer Claims; (iii) the Dealer Compensation Order; and (iv) any proposed claim for surcharge under 11 U.S.C. § 506(c) arising out of the Dealer Claims (collectively, the "<u>Debtors' Released Claims</u>"). Notwithstanding anything herein to the contrary, the release of the BRF & Participating Dealer Releasees herein shall not release BRF Finance and the Participating Dealers from any of their obligations under this Settlement Term Sheet.  Notwithstanding anything else in the Settlement Term Sheet or this Schedule A, the Debtor's Released Claims shall not be construed to release any and all claims due to overpayments or dealer loans. |
| **Limited Release of the Debtors by BRF Finance and Participating Dealers** | Effective immediately upon the Settlement Effective Date, BRF Finance and the Participating Dealer Releasors (collectively, the "<u>BRF & Participating Dealer Releasors</u>") each agree to and shall be deemed to have fully and generally released and discharged the Debtors and each of their direct and indirect parent companies, subsidiaries, and affiliates, and each of their respective principals, officers, managers, directors, board members, members of any board committee, employees, and agents (collectively, the "<u>Debtor Releasees</u>") from and against any and all manner of claims, causes of actions, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, losses, damages, liabilities, and demands of any kind whatsoever in law or in equity, whether known or unknown, suspected or unsuspected, contingent or fixed, including attorneys' fees and costs, that BRF & any of the Participating Dealer Releasors now have, have had, or in the future may have against any of the Debtor Releasees arising out of, related to, or in connection with, directly or indirectly: (i) the Dealer Standing Motion; (ii) the Dealer Claims; (iii) the Dealer Compensation Order; and (iv) any proposed claim for surcharge under 11 U.S.C. § 506(c) arising out of the Dealer Claims (collectively, the "<u>BRF & Participating Dealer Released Claims</u>").  Notwithstanding anything herein to the contrary, the release of the Debtor Releasees herein shall not release the Debtors from (a) any of their obligations under this Settlement Term Sheet or (b) unsecured claims for damages in the Chapter 11 Cases arising under section 502(g) of the Bankruptcy Code, and shall not release the Debtor Releasees from any claim based on fraud or willful misconduct the Participating Dealer Releasors may have against the Debtor Releasees. |

3