**Exhibit 1**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CONN'S, INC, *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-33357 (ARP)<br><br>(Jointly Administered) |

**SOLICITATION AND VOTING PROCEDURES**

On [●], 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Distribution of Conn's Inc., and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Plan"); (b) conditionally approving the *Disclosure Statement* ~~Relating to the~~ for First Amended *Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for (i) soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, (ii) determining eligibility criteria for a Holder to vote on the Plan and (iii) establishing the mechanisms to establish the voting amount of a Claim (collectively, the "Solicitation Procedures").

A.  **The Voting Record Date**

The Bankruptcy Court has approved **June 4, 2025**, as the record date for purposes of determining which Holders of Claims in each of Class 4, 5, and 6 (the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 10077 Grogan's Mill Road Suite 303, The Woodlands, TX 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement, as applicable.

the Notice and Claims Agent as of the Voting Record Date.  The Debtors are not required to re-mail undeliverable Notice of Non-Voting Status Packages that were returned marked "undeliverable," "moved—no forwarding address," or otherwise returned, unless the Debtors and/or the Notice and Claims Agent have been informed in writing by such person of that person's new address seven (7) days prior to the Voting Deadline.  The Debtors and the Notice and Claims Agent are not required to conduct any additional research for updated addresses based on undeliverable Notice Non-Voting Status Packages.  The Debtors may also serve parties for whom they have a valid and confirmed e-mail address in an electronic manner.

### D. Voting and Tabulation Procedures

#### 1. Holders of Claims Entitled to Vote

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims (subject to the Disputed Claim Resolution):

(a) Holders of Claims in Classes 4, 5, and 6; and

(b) Holders of Claims who, on or before the Voting Deadline, have timely filed a Proof of Claim establishing that they hold a Claim in Class 4, 5, or 6 that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Bankruptcy Court at least 7 days prior to the Voting Record Date, pending a Voting Resolution Event as provided herein; **provided** that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court.

#### 2. Establishing Claim Amounts for Voting Purposes

Prepetition 2L and 3L Secured Claims only:  The Claim amounts of Prepetition 2L and 3L Secured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Holders, as of the Voting Record Date, as evidenced by the applicable records provided by the Prepetition 2L and 3L Agent(s) in electronic Microsoft Excel format to the Debtors or the Claims, Noticing, and Solicitation Agent no later than two (2) Business Days following the Voting Record Date.

Other Filed and Scheduled Claims (if applicable).  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims, Noticing, and Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution.

(a) In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

> **the Released Parties.  Please be advised that your decision to opt out does not affect the amount of distribution you will receive under the Plan.  Specifically, your recovery under the Plan will be the same if you opt out.**

Article IX.A of the Plan contains the following Debtor Releases:

**Effective as of the Effective Date, pursuant to Section 1123(b) of the Bankruptcy Code, to the fullest extent allowed by applicable law, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by each and all of the Debtors, their Estates, and the Wind-Down Debtors, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all claims and Causes of Action, and liabilities whatsoever, including any derivative claims, asserted by or assertable on behalf of any of the Debtors, their Estates, or the Wind-Down Debtors, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that the Debtors, their Estates, or the Wind-Down Debtors would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, or that any Holder of any Claim against, or Interest in, a Debtor or other Entity could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Accelerated Payment Procedures, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; ~~or~~ (2) any Causes of Action included as a Retained Cause of Action, including the Avoidance Actions~~.~~, or (3) any claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted bad faith, fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Releases, which include by reference each of the related provisions and definitions contained in the Plan and, further, shall constitute the Bankruptcy Court's finding that the Debtor Releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims or Causes of Action released by the Debtor Releases; (3) in the best interests of the Debtors, the Estates, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a**

14

**bar to any of the Debtors, their Estates, or the Wind-Down Debtors, as applicable, asserting any claim or Cause of Action released pursuant to the Debtor Releases.**

Article IX.B of the Plan contains the following Third Party Releases:

**Effective as of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Accelerated Payment Procedures, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action included as a Retained Cause of Action; or (3) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (4) a good faith settlement and compromise of the claims or Causes of Action released by the Third Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third Party Release.**

Article IX.C of the Plan contains the following Exculpations:

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Releases or the Third Party Release, and except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party hereby is exculpated from any claim or Cause of Action related to, any act or omission in connection with, relating to, or arising out of the negotiation, solicitation, confirmation, execution, or implementation ~~(to the extent on or prior to the Effective Date)~~ of, as applicable, the Debtor-Related Matters, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted**

15

bad faith, fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, an Exculpated Party shall be entitled to exculpation solely for actions taken from the Petition Date through the Effective Date, and the exculpation set forth above does not exculpate (1) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Accelerated Payment Procedures, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (2) any Causes of Action included as a Retained Cause of Action.

Article IX.D of the Plan contains the following Injunction:

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan, the Accelerated Payment Procedures, or the Confirmation Order, all Entities that have held, hold, or may hold claims or interests that have been released pursuant to the Plan provisions setting forth the releases granted by the Debtors or the Releasing Parties, or ~~discharged pursuant to the Plan, or~~ are subject to exculpation pursuant to the article of the Plan which provides for the exculpation of the Exculpated Parties~~,~~ shall be permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, Wind-Down Debtors, or the Exculpated Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or interests; (3) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Entity has, on or before the Effective Date, asserted such setoff right in a document filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests released or settled pursuant to the Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan by the Debtors, the Wind-Down Debtors, the Plan Administrator, and their respective affiliates, employees, advisors, officers and directors, or agents.

Article I of the Plan contains the following definitions:

"Exculpated Party" means collectively, and in each case, in its capacity as such: (a) the Debtors; (b) the ~~Wind-Down Debtors; (c) the~~ Committee; and (~~d~~c) the members of the Committee in their capacity as such.

"Related Party" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

"Released Party" means, each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent, (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor, (i) the Prepetition 3L ~~Parties~~Agent; (j) the Prepetition 3L Parties; (k) the Committee and its members, each in their capacities as such; (~~k~~l) any other Releasing Party; (~~l~~m) each current and former Affiliate of each Entity in clauses (a) through the following clause (~~m~~l); and (~~m~~n) each Related Party of each Entity in clauses (a) through this clause (m); *provided*, that, in each case, an Entity shall not be a Released Party if it:  (i) elects to opt out of the releases provided by the Plan or (ii) timely objects to the releases provided by the Plan through a formal objection Filed on the docket of these Chapter 11 Cases that is not resolved before the Confirmation Hearing.  Notwithstanding the foregoing, any party who is a Released Party shall also be a Releasing Party and any party who is a Releasing Party shall also be a Released Party.

"Releasing Party" means each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent; (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor; (i) the Prepetition 3L Parties; (j) the Committee and its members, each in their capacities as such; (k) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form;  (l) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form; (m) all Holders of Claims or Interests whose vote to accept or reject the Plan is solicited but who do not vote either to accept or to reject the Plan and do not affirmatively execute and timely return a Release Opt-Out Form; (n) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form; (o) each current and

17

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC, *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**[CLASS [●]] BALLOT FOR VOTING TO ACCEPT OR REJECT THE JOINT
PLAN OF DISTRIBUTION FOR CONN'S, INC. AND ITS DEBTOR AFFILIATES**

> HOLDERS OF CLASS [4, 5, OR 6] CLAIMS SHOULD READ THIS ENTIRE BALLOT BEFORE COMPLETING.
>
> FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY 4:00 P.M. (PREVAILING CENTRAL TIME) ON JULY 11, 2025 (THE "VOTING DEADLINE"). IF THIS BALLOT IS NOT PROPERLY COMPLETED, EXECUTED, AND RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT ON OR BEFORE THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED.
>
> YOU CAN OBTAIN COPIES IN PAPER FORMAT OF ANY SOLICITATION MATERIALS (A) FREE OF CHARGE BY (I) ACCESSING THE DEBTOR'S RESTRUCTURING WEBSITE AT HTTPS://DM.EPIQ11.COM/CONNS/; (II) WRITING TO CONN'S, INC., C/O EPIQ BALLOT PROCESSING, P.O. BOX 4422, BEAVERTON, OR 97076; (III) CALLING (877) 848-5813 (TOLL FREE) OR (971) 257-1680 (INTERNATIONAL); OR (IV) EMAILING CONNAPPLIANCESINFO@EPIQGLOBAL.COM; OR (B) FOR A FEE VIA PACER AT HTTPS://ECF.TXSB.USCOURTS.GOV/.

Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 case, are soliciting votes with respect to the *First Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Plan"). The United States

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 10077 Grogan's Mill Road, Suite 303, The Woodlands, TX 77380.

4856-4545-4393v.3

predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

"Released Party" means, each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent, (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor,  (i) the Prepetition 3L ~~Parties~~Agent; (j) the Prepetition 3L Parties; (k) the Committee and its members, each in their capacities as such; (~~k~~l) any other Releasing Party; (~~l~~m) each current and former Affiliate of each Entity in clauses (a) through the following clause (~~m~~l); and (~~m~~n) each Related Party of each Entity in clauses (a) through this clause (m); *provided*, that, in each case, an Entity shall not be a Released Party if it:  (i) elects to opt out of the releases provided by the Plan or (ii) timely objects to the releases provided by the Plan through a formal objection Filed on the docket of these Chapter 11 Cases that is not resolved before the Confirmation Hearing.  Notwithstanding the foregoing, any party who is a Released Party shall also be a Releasing Party and any party who is a Releasing Party shall also be a Released Party.

"Releasing Party" means each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent; (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor; (i) the Prepetition 3L Parties; (j) the Committee and its members, each in their capacities as such; (k) all Holders of Claims or Interests that vote to accept the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form;  (l) all Holders of Claims or Interests that are deemed to accept the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form; (m) all Holders of Claims or Interests whose vote to accept or reject the Plan is solicited but who do not vote either to accept or to reject the Plan and do not affirmatively execute and timely return a Release Opt-Out Form; (n) all Holders of Claims or Interests that vote to reject the Plan or are deemed to reject the Plan and who do not affirmatively execute and timely return a Release Opt-Out Form; (o) each current and former Affiliate of each Entity in clause (a) through the following clause (p); and (p) each Related Party of each Entity in clauses (a) through this clause (p) solely to the extent such Related Party may assert Claims or Causes of Action on behalf of or in a derivative capacity by or through an Entity in clause (a) through clause (n); *provided* that, in each case, an Entity shall not be a Releasing Party if it:  (i) elects to opt out of the Third Party Release; or (ii) timely objects to the Third Party Release through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before the Confirmation Hearing.  Notwithstanding the foregoing, any party who is a Released Party shall also be a Releasing Party and any party who is a Releasing Party shall also be a Released Party.

30

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC, *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

      On [●], 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Distribution of Conn's, Inc., and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Plan"); (b) conditionally approving the *Disclosure Statement ~~Relating to the~~ for First Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

      Because of the nature and treatment of your Claim under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

      The hearing at which the Bankruptcy Court will consider both final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will commence on **July 18, 2025, at 10:00 a.m. prevailing Central Time**, before the Honorable Judge Perez,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422). The Debtor's service address is 10077 Grogan's Mill Road, Suite 303, The Woodlands, TX 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement, as applicable.

## RELEASE OPT-OUT FORM

You are receiving this release opt out form (the "<u>Release Opt-Out Form</u>") because you are or may be a Holder of a Claim that is not entitled to vote on the *First Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").  Except as otherwise set forth in the definition of Releasing Party in the Plan, Holders of Claims are deemed to grant the Third Party Release set forth in Article IX.B (the "<u>Third Party Release</u>"), unless a Holder (a) affirmatively opts out of the Third Party Release by completing and returning this form in accordance with the directions herein or (b) files an objection to the Third Party Release that is not resolved before confirmation of the Plan on or before **July 11, 2025, at 4:00 p.m. prevailing Central Time** (the "<u>Release Opt-Out Deadline</u>").

If you believe you are a Holder of a Claim with respect to the Debtors and choose to opt out of the Third-Party Release set forth in Article IX.B of the Plan, please promptly complete, sign, and date this Release Opt-Out Form and return it via first class mail, overnight courier, the Claims, Noticing, and Solicitation Agent's online E-Opt Out Portal, or hand delivery to Epiq Corporate Restructuring, LLC (the "<u>Claims, Noticing, and Solicitation Agent</u>") at the address set forth below.  Holders are strongly encouraged to submit any Release Opt-Out Form through the Claims, Noticing, and Solicitation Agent's online E-Opt Portal.  Parties that submit their Release Opt-Out Form using the E-Opt Out Portal should **NOT** also submit a paper Release Opt-Out Form.

**THIS RELEASE OPT-OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY THE RELEASE OPT-OUT DEADLINE.  IF THE RELEASE OPT-OUT FORM IS RECEIVED AFTER THE RELEASE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.   <u>Important information regarding the Third Party Release and Opt Out Rights.</u>**

Article IX.B of the Plan contains the following Third Party Release:

**Effective as of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Accelerated Payment Procedures, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action**

included as a Retained Cause of Action; or (3) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (4) a good faith settlement and compromise of the claims or Causes of Action released by the Third Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third Party Release.

Article I of the Plan contains the following definitions:

"**Related Party**" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

"**Released Party**" means, each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent, (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor, (i) the Prepetition 3L ~~Parties~~**Agent**; (j) the **Prepetition 3L Parties; (k) the** Committee and its members, each in their capacities as such; (~~k~~**l**) any other Releasing Party; (~~l~~**m**) each current and former Affiliate of each Entity in clauses (a) through the following clause (~~m~~**l**); and (~~m~~**n**) each Related Party of each Entity in clauses (a) through this clause (m); *provided*, that, in each case, an Entity shall not be a Released Party if it: (i) elects to opt out of the releases provided by the Plan or (ii) timely objects to the releases provided by the Plan through a formal objection Filed on the docket of these Chapter 11 Cases that is not resolved before the Confirmation Hearing. Notwithstanding the foregoing, any party who is a Released Party shall also be a Releasing Party and any party who is a Releasing Party shall also be a Released Party.

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CONN'S, INC, *et al.*[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 24-33357 (ARP)<br><br>(Jointly Administered) |

### NOTICE OF NON-VOTING STATUS TO HOLDERS OF IMPAIRED CLAIMS OR INTERESTS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

On [●], 2025, the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors"), to solicit acceptances for the *First Amended Joint Plan of Distribution of Conn's, Inc., and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Plan"); (b) conditionally approving the *Disclosure Statement for First Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* [Docket No. [●]] (as such may be modified, amended, or supplemented from time to time hereafter, including all exhibits and supplements thereto, the "Disclosure Statement")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

Because of the nature and treatment of your Claim or Interest under the Plan, **you are not entitled to vote on the Plan**.  Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) or Interest in the Debtors that is Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

The hearing at which the Bankruptcy Court will consider both final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing") will commence on **July 18, 2025, at 10:00 a.m. prevailing Central Time**, before the Honorable Judge Perez,

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are:  Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Debtor's service address is 10077 Grogan's Mill Road, Suite 303, The Woodlands, TX 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement, as applicable.

## RELEASE OPT-OUT FORM

You are receiving this release opt out form (the "<u>Release Opt-Out Form</u>") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the <u>*First Amended*</u> *Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").  Except as otherwise set forth in the definition of Releasing Party in the Plan, Holders of Claims or Interests are deemed to grant the Third Party Release set forth in Article IX.B (the "<u>Third Party Release</u>"), unless a Holder (a) affirmatively opts out of the Third Party Release by completing and returning this form in accordance with the directions herein or (b) files an objection to the Third Party Release that is not resolved before confirmation of the Plan on or before **July 11, 2025, at 4:00 p.m. prevailing Central Time** (the "<u>Release Opt-Out Deadline</u>").

If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt out of the Third-Party Release set forth in Article IX.B of the Plan, please promptly complete, sign, and date this Release Opt-Out Form and return it via first class mail, overnight courier, the Claims, Noticing, and Solicitation Agent's online E-Opt OutPortal, or hand delivery to Epiq Corporate Restructuring, LLC (the "<u>Claims, Noticing, and Solicitation Agent</u>") at the address set forth below.  Holders are strongly encouraged to submit any Release Opt-Out Form through the Claims, Noticing, and Solicitation Agent's online E-Opt OutPortal.  Parties that submit their Release Opt-Out Form using the E-Opt Out Portal should **NOT** also submit a paper Release Opt-Out Form.

**THIS RELEASE OPT-OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS, NOTICING, AND SOLICITATION AGENT BY THE RELEASE OPT-OUT DEADLINE.  IF THE RELEASE OPT-OUT FORM IS RECEIVED AFTER THE RELEASE OPT-OUT DEADLINE, IT WILL NOT BE COUNTED.**

**Item 1.   Important information regarding the Third Party Release and Opt Out Rights.**

Article IX.B of the Plan contains the following Third Party Release:

**Effective as of the Effective Date, each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each of the Released Parties from any and all claims, Causes of Action, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, matured or unmatured, suspected or unsuspected, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, in law (or any applicable rule, statute, regulation, treaty, right, duty or requirement), equity, contract, tort, or otherwise, that such Releasing Party would have been legally entitled to assert in its own right (whether individually or collectively) or otherwise based on or relating to, or in any manner arising from, in whole or in part, the Debtor-Related Matters.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any obligations arising pursuant to or after the Effective Date of any party or Entity under the Plan, the Accelerated Payment Procedures, the Confirmation Order, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (2) any Causes of Action**

**included as a Retained Cause of Action; or (3) actual fraud, willful misconduct, or gross negligence as determined by a Final Order.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (4) a good faith settlement and compromise of the claims or Causes of Action released by the Third Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7) given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action released pursuant to the Third Party Release.**

Article I of the Plan contains the following definitions:

"**Related Party**" means each of, and in each case in its capacity as such, current and former directors, managers, officers, committee members, members of any governing body, advisory board members, members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, management companies, fund advisors or managers, predecessors, participants, successors, assigns, representatives, subsidiaries, Affiliates, partners, limited partners, general partners, principals, employees, agents, trustees, financial advisors, attorneys (including any other attorneys or professionals retained by any current or former director or manager in his or her capacity as director or manager of an entity), accountants, investment bankers, investment advisors, consultants, and other professionals and advisors and any such Related Party's respective heirs, executors, estates, and nominees.

"**Released Party**" means, each of, and in each case in its capacity as such: (a) the Debtors and each of the Debtors' Estates; (b) the Wind-Down Debtors; (c) the DIP Lenders; (d) the DIP Agent; (e) the Prepetition ABL Secured Parties; (f) the Prepetition 2L Agent, (g) the Prepetition 2L Secured Parties; (h) the Plan Sponsor, (i) the Prepetition 3L ~~Parties~~Agent; (j) the Prepetition 3L Parties; (k) the Committee and its members, each in their capacities as such; (~~k~~l) any other Releasing Party; (~~l~~m) each current and former Affiliate of each Entity in clauses (a) through the following clause (~~m~~l); and (~~m~~n) each Related Party of each Entity in clauses (a) through this clause (m); *provided*, that, in each case, an Entity shall not be a Released Party if it: (i) elects to opt out of the releases provided by the Plan or (ii) timely objects to the releases provided by the Plan through a formal objection Filed on the docket of these Chapter 11 Cases that is not resolved before the Confirmation Hearing.  Notwithstanding the foregoing, any party who is a Released Party shall also be a Releasing Party and any party who is a Releasing Party shall also be a Released Party.

2