IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>CONN'S, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-33357 (ARP)<br><br>(Jointly Administered) |

**OBJECTION OF DEBTORS
TO THE MOTION FOR RELIEF FROM AUTOMATIC
STAY AGAINST DEBTOR PURSUANT TO 11 U.S.C. § 362(A)**

(Related to Docket No. 1974)

Conn's, Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors" and, on and after the effective date of the Debtors' confirmed chapter 11 plan, the "Wind-Down Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this objection (this "Objection") to the *Motion for Relief from Automatic Stay Against Debtor Pursuant to 11 U.S.C. § 362(a)* [Docket No. 1974] (the "Motion") filed by Tatianna Davis (the "Movant"), and respectfully represent as follows:

**Objection**

1.     Although stylized as a request to lift the automatic stay, following the consummation of a confirmed chapter 11 plan like in the instant case, courts generally consider a motion to lift the automatic stay as a motion to modify the plan injunction. *See, e.g.*, *In re Ditech Holding Corporation*, Case No. 19-10412, 2022 WL 16952443, at *4 (Bankr. S.D.N.Y. Nov. 15,

---

[1]   The Wind-Down Debtors in these chapter 11 cases, together with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Wind-Down Debtors' service address is 10077 Grogan's Mill Road Suite 303, The Woodlands, TX 77380.

2022). Parties seeking relief from the plan injunction generally must satisfy the same standard applicable to a motion to lift the automatic stay pursuant to Section 362 of the Bankruptcy Code. *Id.* The automatic stay under Section 362 applies to actions or proceedings against a debtor or against property of the estate. *See* 11 U.S.C. § 362. In particular, the automatic stay protects against, among other things, (i) "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . or to recover a claim against the debtor that arose before the commencement of the case," (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (iii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1), (3) & (6).

2. Although section 362(d) of the Bankruptcy Code authorizes a court to lift an automatic stay for "cause," section 362(d) does not offer guidance as to what constitutes "cause," and the reviewing court must determine whether cause exists on a case-by-case basis. *See, e.g., In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998); *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (explaining that whether "cause" exists is a fact-intensive inquiry "committed to the discretion of the bankruptcy judge . . . that must be determined on a case-by-case basis."). Critically, the Movant carries the initial burden on the stay relief, and only if the movant makes a prima facie case does the debtor need to respond. *See In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999) (citing In re *Sonnax*, 907 F.2d at 1280).

3. On July 21, 2025, the Court entered *Order Approving the Debtors' Disclosure Statement on a Final Basis and Confirming the Third Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* (the "<u>Confirmation Order</u>") [Docket No.

1931], confirming the Debtors' *Third Amended Joint Chapter 11 Plan of Distribution of Conn's, Inc. and its Debtor Affiliates* (as such may be amended, supplemented, or modified from time to time, the "Plan").  On July 31, 2025, the Debtors filed the *Notice of (I) Entry of Order Approving Disclosure Statement on A Final Basis and Confirming the Third Amended Joint Chapter 11 Plan of Distribution of Conns, Inc. and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 1966], whereby the Debtors' Plan went effective on July 31, 2025 (the "Effective Date").

4. Upon the Effective Date, the automatic stay pursuant to § 362 of the Bankruptcy Code terminated or was otherwise inapplicable to the Wind-Down Debtors and pursuant to Article IX.D of the Plan, and as more fully described therein, an injunction (the "Plan Injunction") did thereby take effect by which all parties not otherwise excepted in the Plan were permanently enjoined, from and after the Effective Date, from taking action to seek recovery from the Debtors (or the Wind-Down Debtors, as applicable).

5. For these reasons and as set more fully in the Plan and Confirmation Order, the Plan Injunction did thereby enjoin the Movant upon the Effective Date from taking any action to seek recovery from the Debtors or Wind-Down Debtors.  Furthermore, the Movant has provided no "cause" by the Motion to modify the Plan Injunction.[2]  The Movant has therefore not met its heavy burden to establish that the Plan Injunction should be modified. The Debtors or Wind-Down Debtors, therefore, respectfully request that the Motion be denied.

**Reservation of Rights**

6. The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection and to object to the Motion, on any basis whatsoever, at a future

---

[2] The Motion merely contains a brief background of the underlying Federal Court Action (as defined in the Motion) but no effort to justify the relief requested therein.

3

date. Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Wind-Down Debtors reserve all rights with respect thereto.

## **Conclusion**

7.  The Movant has failed to satisfy her heavy burden to establish that "cause" exists to grant relief from the automatic stay with respect to the State Court Action. Consequently, the Motion should be denied.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Wind-Down Debtors respectfully request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 18, 2025
Houston, Texas

/s/ *Duston K. McFaul*
**SIDLEY AUSTIN LLP**
Duston K. McFaul (TX Bar No. 24003309)
Jeri Leigh Miller (TX Bar No. 24102176)
Maegan Quejada (TX Bar No.  24105999)
1000 Louisiana Street, Suite 5900
Houston, Texas 77002
Telephone:    (713) 495-4500
Facsimile:    (713) 495-7799
Email:          dmcfaul@sidley.com
                   jeri.miller@sidley.com
                   mquejada@sidley.com
Jackson T. Garvey (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:    (312) 853-7000
Facsimile:    (312) 853-7036
Email:          jgarvey@sidley.com

*Counsel to the Wind-Down Debtors and Wind-Down Debtors in Possession*

5

**Certificate of Service**

      I certify that on August 18, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                                                        */s/ Duston K. McFaul*
                                                                                         Duston K. McFaul

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CONN'S, INC., *et al.*[1] | Case No. 24-33357 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER DENYING MOTION FOR RELIEF FROM
AUTOMATIC STAY AGAINST DEBTOR PURSUANT TO 11 U.S.C. § 362(A)**

(Related to Docket No. 1974)

Upon the *Motion for Relief from Automatic Stay Against Debtor Pursuant to 11 U.S.C. § 362(a)* [Docket No. 1974] (the "Motion"), filed August 8, 2025, by Tatianna Davis (the "Movant") in the above-captioned chapter 11 cases of Conn's, Inc., and its debtor affiliates, as wind-down debtors and wind-down debtors in possession (collectively, the "Debtors" and, on and after the effective date of the Debtors' confirmed chapter 11 plan, the "Wind-Down Debtors"), requesting relief from the automatic stay in effect in these cases under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to prosecute the Federal Court Action (as defined in the Motion), as more fully set forth in the Motion; and upon the objection of the Wind-Down Debtors (the "Objection");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States

---

[1] The Wind-Down Debtors in these chapter 11 cases, together with the last four digits of each Wind-Down Debtor's federal tax identification number, are: Conn's, Inc. (2840), Conn Appliances, Inc. (0706), CAI Holding, LLC (2675), Conn Lending, LLC (9857), Conn Credit I, LP (0545), Conn Credit Corporation, Inc. (9273), CAI Credit Insurance Agency, Inc. (5846), New RTO, LLC (6400), W.S. Badcock LLC (2010), W.S. Badcock Credit LLC (5990), and W.S. Badcock Credit I LLC (6422).  The Wind-Down Debtors' service address is 10077 Grogan's Mill Road Suite 303, The Woodlands, TX 77380.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Objection.

2

Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ordered that the Motion is **DENIED**.

Dated: _____, 2025

_____
Alfredo R Pérez
United States Bankruptcy Judge